John BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–99–00176–CR.

Court of Appeals of Texas,
Austin.

March 23, 2000.

John S. Butler, Austin, for Appellant.

C. Bryan Case, Jr., Asst. Dist. Atty., Austin, for Appellee.

Chief Justice ABOUSSIE, Justices KIDD and B.A. SMITH.

BEA ANN SMITH, Justice.

A jury found appellant John Brown guilty of theft and assessed punishment at imprisonment for fourteen years. Brown contends the prosecutor engaged in improper jury argument at the punishment stage, and that his trial counsel was ineffective because he failed to object. We do not reach these contentions because we find unassigned error that mandates a remand for a new punishment determination.

Brown stole meat, cheese, and beer worth $10.36 from a grocery store. This offense, ordinarily a class C misdemeanor, was in this case a state jail felony because Brown was shown to have had two previous misdemeanor theft convictions. *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp.2000). A state jail felony ordinarily is punishable by incarceration for 180 days to two years. *See* Tex. Penal Code Ann. § 12.35(a) (West 1994). In this cause, however, the State sought to enhance Brown's punishment by alleging that he had three previous felony convictions, also for theft. *See* Tex. Penal Code Ann. § 12.42(a)(2) (West Supp.2000) (unaggravated state jail felony punishable as second degree felony upon proof of two previous felony convictions). The jury found these enhancement allegations to be true and, as authorized by the district court's charge, assessed punishment accordingly.

Section 31.03(e)(4)(D) provides that theft of property having a value of less than $1500 is a state jail felony if the defendant "has been previously convicted *two or more* times of any grade of theft." (Emphasis added.) Under this subsection, a defendant's history of theft convictions, regardless of their number or degree, cannot elevate a subsequent theft of property

worth less than $1500 beyond the status of a state jail felony. For this reason, the punishment for third offense theft under section 31.03(e)(4)(D) cannot be enhanced pursuant to section 12.42(a) by proof of additional felony theft convictions. *See Rawlings v. State*, 602 S.W.2d 268, 270 (Tex.Crim.App.1980) (applying substantially identical prior statutes); *Freeman v. State*, 970 S.W.2d 55, 59–60 (Tex.App.—Tyler 1998, no pet.) (applying current statutes); *see also Gant v. State*, 606 S.W.2d 867, 871 n. 9 (Tex.Crim.App.1980).

Brown's fourteen-year sentence exceeds that authorized for a state jail felony. A sentence not authorized by law is void. *See Levy v. State*, 818 S.W.2d 801, 802 (Tex.Crim.App.1991). Therefore, we affirm the district court's judgment as to the finding of guilt, but reverse that portion of the judgment imposing sentence and remand the cause for reassessment of punishment. *See* Tex.Code Crim. Proc. Ann. art. 44.29(b) (West Supp.2000).