TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00415-CR






Marshall Parker, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 001119, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







 A jury found appellant Marshall Parker guilty of state jail felony theft and assessed
his punishment at imprisonment for two years. Appellant now raises two issues on appeal: (1) that
he was denied effective assistance of counsel, and (2) that the trial court erred by not allowing a
requested jury instruction on the lesser-included offense of misdemeanor theft. We affirm the trial
court judgment.


Factual and Procedural Background

 The indictment charged appellant with state jail felony theft for unlawfully
appropriating, with intent to deprive the owner of the property, analgesic tablets with a value of
less than $1,500. A grand jury found that appellant had previously been convicted of theft on two
separate occasions. This finding, in Paragraph I of the indictment, was sufficient to indict
appellant under section 31.03(e)(4)(D) of the Texas Penal Code.(1) Paragraph II of the indictment
reflects that the grand jury also found appellant had been previously convicted of felony theft. At
trial, the prosecutor read both paragraphs of the indictment to the jury. Defense counsel did not
object to the reading of Paragraph II. At the end of the trial, defense counsel requested a jury
charge with a lesser included instruction on misdemeanor theft. The trial judge overruled the
request. A jury found appellant guilty of state jail felony theft as alleged in the indictment.
Appellant now raises issues of ineffective assistance of counsel and improper jury charge.


Ineffective Assistance of Counsel

 In his first issue, appellant claims that he received ineffective assistance of counsel
at trial. Specifically, appellant alleges that the prosecutor violated section 36.01(a)(1) of the Code
of Criminal Procedure because Paragraph II of the indictment was not jurisdictional; thus, reading
Paragraph II at the guilt/innocence phase was error under Frausto v. State, 642 S.W.2d 506, 508
(Tex. Crim. App. 1982). Appellant alleges a "reasonable probability" that the jury was prejudiced
by the knowledge that he was a convicted felon. Appellant further alleges that the prosecutor's
error was not preserved because defense counsel did not object or otherwise make a record after
the reading of the indictment. Because he was denied a curative instruction that evidence of a
prior conviction was not to be considered in deciding guilt, appellant claims that he was denied
effective assistance of counsel.

 We assess claims of ineffective assistance of counsel using the standard set by the
Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). This standard was adopted by
the Texas Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986), and recently applied in Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Strickland sets forth a two-pronged test requiring a defendant to show that his counsel made
serious errors and that those errors caused serious harm. Strickland, 466 U.S. at 687. Failure
to show either deficient performance or sufficient prejudice defeats a claim of ineffectiveness. 
Thompson, 9 S.W.3d at 813. Absent one of the two required factors, the appellate court cannot
conclude that the proper functioning of the adversarial process was so undermined as to render the
result unreliable. See id. at 812-13; Blevins v. State, 18 S.W.3d 266, 272 (Tex. App.--Austin
2000, no pet.).

 Under the first Strickland prong, the defendant must show that counsel's assistance
was deficient, falling below an objective standard of reasonableness. Thompson, 9 S.W.3d at 812. 
In determining reasonableness, we look at the totality of the representation and the particular
circumstances of the case. Id. at 813; Blevins, 18 S.W.3d at 271. An appellate court's review of
counsel's performance is highly deferential. Strickland, 466 U.S. at 689. Thus, we begin by
presuming that trial counsel's performance was within the range of reasonable professional
assistance. Id.; Thompson, 9 S.W.3d at 813; Blevins, 18 S.W.3d at 271. The defendant bears the
burden of overcoming this presumption by a preponderance of evidence. Thompson, 9 S.W.3d
at 814; Blevins, 18 S.W.3d at 271. This burden requires the defendant to bring forward a record
from which we may discern that trial counsel's performance was not based on sound strategy. 
Thompson, 9 S.W.3d at 813; Blevins, 18 S.W.3d at 271. A defendant's burden of proof is
particularly difficult to meet where, as here, the alleged dereliction is an error of omission. See
Thompson, 9 S.W.3d at 814. When the record provides no explanation as to why counsel chose
not to object, or failed to object, appellant cannot defeat the strong presumption that counsel's 
trial decisions "fell within the wide range of reasonable professional assistance." Id. This is
especially true when the rest of counsel's representation was otherwise satisfactory. Id.

 Counsel did not err in not objecting to the reading of Paragraph II. Appellant
correctly states that prior convictions that are alleged only for purposes of enhancement are not
jurisdictional and should not be read until the hearing on punishment. See Tex. Code Crim. Proc.
Ann. § 36.01(a)(1) (West Supp. 2001). However, Paragraph II was not used for enhancement
purposes in this case. The theft of property having a value of less than $1500 is a state jail felony
if the defendant "has been previously convicted two or more times of any grade of theft." Tex.
Penal Code Ann. § 31.03(e)(4)(D) (emphasis added). The quoted phrase is jurisdictional. Gant
v. State, 606 S.W.2d 867, 871 (Tex. Crim. App. 1980). Allegations of prior thefts are elements
of the felony theft offense; they are not enhancements which increase punishment. Id. at 871-72
n.9; Henry v. State, 948 S.W.2d 338, 341 (Tex. App.--Dallas 1997, no pet.); Carter v. State, 804
S.W.2d 326, 327 (Tex. App.--Waco 1991, no pet.). There is no evidence that Paragraph II was
read for any purpose other than to establish the elements of the offense in this case.

 A state jail felony is punishable by incarceration for 180 days to two years. Tex.
Penal Code Ann. § 12.35(a) (West 1994); see also Brown v. State, 14 S.W.3d 832, 832 (Tex.
App.--Austin 2000, pet. ref'd). During the punishment phase of appellant's trial, the jury was
instructed to consider exactly that range of incarceration. No attempt was made to enhance
appellant's conviction from a state jail felony to a second-degree felony. See Tex. Penal Code
Ann. § 12.42(a)(3) (West Supp. 2001). In fact, this Court has held that an attempt to do so would
be error:


Under [section 31.03(e)(4)(D) of the Texas Penal Code], a defendant's history of
theft convictions, regardless of their number or degree, cannot elevate a subsequent
theft of property worth less than $1500 beyond the status of a state jail felony. For
this reason, the punishment for third offense theft under [that] section . . . cannot
be enhanced . . . by proof of additional felony theft convictions.



Brown, 14 S.W.3d at 832-33 (citations omitted). Thus, the reading of Paragraph II was not error,
and defense counsel had no reason to object to the reading. We therefore hold that appellant has
not shown that counsel made serious errors under the first prong of Strickland, and so has not
shown ineffective assistance of counsel. See Strickland, 466 U.S. at 687.

 Even if Paragraph II were an enhancement paragraph, we would still not find that
appellant has affirmatively demonstrated ineffective assistance of counsel. One of our sister courts
has addressed facts similar to those presented here. In Hardin v. State, appellant's trial attorney
failed to object when the State read enhancement paragraphs at the guilt/innocence phase of the
trial. 951 S.W.2d 208, 211 (Tex. App.--Houston [14th Dist.] 1997, no pet.). The court agreed
with Hardin that reading the enhancement paragraph before the punishment phase was error,
because it could prejudice the jury "at the outset of the trial by an announcement that the State
believes the defendant has been previously convicted of a prior offense." Id. at 211-12 (citing
Frausto, 642 S.W.2d at 509). Nonetheless, the Hardin court determined that defense counsel's
isolated failure to object at trial did not render the totality of his performance ineffective under the
first Strickland prong. Id. at 212. The court also made allowances for any valid trial strategy that
might have prompted counsel to refrain from objecting to the reading of the enhancement
paragraph. For example, he might have attempted "to avoid calling further attention to appellant's
prior convictions." Id. Although, in hindsight, this strategy might not have been advisable, the
Hardin court refused to consider the impact of counsel's error on appellant's trial absent "a
determination that counsel's performance, in its entirety, was deficient." Id. We believe that the
court of appeals applied Strickland properly in Hardin, and we follow its approach in the instant
case.

 Appellant here does not allege that trial counsel's performance was totally
unreasonable. He points to only one instance where counsel allegedly acted improperly. The
Strickland standard does not guarantee a defendant perfect or errorless counsel, only reasonable
assistance. Id. Moreover, in determining whether trial counsel's performance was deficient, we
do not speculate about his trial strategy. Blevins, 18 S.W.3d at 271. Appellant has failed to meet
his burden of affirmatively proving by a preponderance of the evidence that trial counsel's
performance, taken as a whole, was outside the range of reasonable professional assistance. We
hold that appellant has not overcome the strong presumption that his trial counsel's strategy was
reasonable. Because appellant has not met the first Strickland prong of deficient performance, we
need not address the second prong of sufficient prejudice. See Hardin, 951 S.W.2d at 212. 
Appellant's first point of error is overruled.


Jury Charge

 In his second issue, appellant alleges that the trial court erred by failing to instruct
the jury on a lesser-included charge of Class B theft. This Court uses the two-pronged test set out
in Royster v. State, 622 S.W.2d 442 (Tex. Crim. App. 1981), to determine whether a trial court
should have charged the jury on a lesser offense in addition to the charged offense. Otting v.
State, 8 S.W.3d 681, 687 (Tex. App.--Austin 1999, pet. ref'd, untimely filed); Bohnet v. State,
938 S.W.2d 532, 534 (Tex. App.--Austin 1997, pet. ref'd). The Royster test requires first that
proof of the lesser offense be included within the proof necessary to establish the offense charged. 
Bohnet, 938 S.W.2d at 534. Second, some evidence must exist in the record that would permit
a jury rationally to find the defendant guilty, if at all, of only the lesser offense. Id.; see also
Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (discussing the Royster test as
refined by Rousseau v. State, 855 S.W.2d 666 (Tex. Crim. App. 1993)).

 The determination of whether an offense is a lesser-included offense must be made
on a case-by-case basis. Jacob v. State, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995); Bohnet,
938 S.W.2d at 534. A three-step analysis is employed to determine whether the first Royster
prong is met. Jacob, 892 S.W.2d at 908. First, the reviewing court must analyze the elements
of the offense actually charged. Id. at 907. One must look at the evidence legally required to
prove guilt as defined by the specific indictment. Bohnet, 938 S.W.2d at 534 (discussing Jacob,
892 S.W.2d at 908.). Second, the court must examine "the statutory elements of the offense
sought as a lesser-included offense." Jacob, 892 S.W.2d at 907. Third, the court must determine
whether the elements of the lesser offense are functionally included in the elements of the charged
offense. Id. at 908; Bohnet, 938 S.W.2d at 534.

 In this case, appellant was actually charged with the offense of state jail felony theft. 
As explained above, this offense has two elements. Tex. Penal Code Ann. § 31.03(e)(4)(D); see
also Henry, 948 S.W.2d at 341. The first element is theft of property valued at less than $1500.
Tex. Penal Code Ann. § 31.03(e)(4)(D). The second element is two or more previous convictions
for theft. Id. A defendant is guilty of the requested lesser offense, Class B theft, if the value of
the property stolen is $50 or more but less than $500, or if the value of the stolen property is less
than $50 and the defendant has previously been convicted of any grade of theft. Id.
§ 31.03(e)(2)(A)(i), (B)(i). These elements are functionally included in the elements of state jail
felony theft. Also, the parties stipulate that misdemeanor theft is a lesser-included offense of
felony theft. Thus, the first Royster prong is met here.

 Next, we must determine if some evidence exists in the record that would permit
a jury rationally to find the defendant guilty, if at all, of only Class B theft. See Bignall, 887
S.W.2d at 23; Bohnet, 938 S.W.2d at 534. The Texas Court of Criminal Appeals explained in
Bignall that "some evidence" is "[a]nything more than a scintilla of evidence." Bignall, 887
S.W.2d at 23. However, it is not enough to have some evidence; this evidence must be evaluated
rationally. See Enriquez v. State, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000) (evaluating
whether defendant convicted of delivering 50 to 2000 pounds of marihuana was entitled to lesser-included offense instruction on delivery of 5 to 50 pounds). To do so, "the appellate court must
examine the entire record instead of plucking certain evidence from the record and examining it
in a vacuum." Id.

 In this case, some evidence was presented that defendant was guilty only of theft. 
See Bignall, 887 S.W.2d at 23. When the State proffered two judgment and sentencing documents
(State's Exhibits 4 and 5) as evidence that appellant had committed two prior thefts, defense
counsel elicited testimony that a thumbprint used to identify appellant on State's Exhibit 4 was
incomplete. In closing argument, defense counsel also suggested that State's Exhibit 4 was
inconclusive because it included an alias, David Frederick, and no evidence had been introduced
that defendant had used this name.

 This evidence, however, must be evaluated rationally in light of the entire record. 
See Enriquez, 21 S.W.3d at 278. The Travis County crime scene technician who admitted that
the thumbprint was incomplete also averred that there was "plenty there" to make an eight-point
match to appellant's own thumbprint, which was taken that day during a jury recess. 
Furthermore, State's Exhibit 4 actually referred to "David Frederick a/k/a Marshall Parker." 
Considered as a whole, the evidence does not permit a jury rationally to find that appellant was
guilty only of misdemeanor theft. Appellant's second point of error is overruled.


Conclusion

 The judgment of the trial court is affirmed.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: February 28, 2001

Do Not Publish


1. This section provides that a theft is a state jail felony if "the value of the property stolen is
less than $1,500 and the defendant has been previously convicted two or more times of any grade
of theft." Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2001).


of whether an offense is a lesser-included offense must be made
on a case-by-case basis. Jacob v. State, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995); Bohnet,
938 S.W.2d at 534. A three-step analysis is employed to determine whether the first Royster
prong is met. Jacob, 892 S.W.2d at 908. First, the reviewing court must analyze the elements
of the offense actually charged. Id. at 907. One must look at the evidence legally required to
prove guilt as defined by the specific indictment. Bohnet, 938 S.W.2d at 534 (discussing Jacob,
892 S.W.2d at 908.). Second, the court must examine "the statutory elements of the offense
sought as a lesser-included offense." Jacob, 892 S.W.2d at 907. Third, the court must determine
whether the elements of the lesser offense are functionally included in the elements of the charged
offense. Id. at 908; Bohnet, 938 S.W.2d at 534.

 In this case, appellant was actually charged with the offense of state jail felony theft. 
As explained above, this offense has two elements. Tex. Penal Code Ann. § 31.03(e)(4)(D); see
also Henry, 948 S.W.2d at 341. The first element is theft of property valued at less than $1500.
Tex. Penal Code Ann. § 31.03(e)(4)(D). The second element is two or more previous convictions
for theft. Id. A defendant is guilty of the requested lesser offense, Class B theft, if the value of
the property stolen is $50 or more but less than $500, or if the value of the stolen property is less
than $50 an