# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00415-CR

**Marshall Parker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 001119, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

A jury found appellant Marshall Parker guilty of state jail felony theft and assessed his punishment at imprisonment for two years. Appellant now raises two issues on appeal: (1) that he was denied effective assistance of counsel, and (2) that the trial court erred by not allowing a requested jury instruction on the lesser-included offense of misdemeanor theft. We affirm the trial court judgment.

### Factual and Procedural Background

The indictment charged appellant with state jail felony theft for unlawfully appropriating, with intent to deprive the owner of the property, analgesic tablets with a value of less than $1,500. A grand jury found that appellant had previously been convicted of theft on two separate occasions. This finding, in Paragraph I of the indictment, was sufficient to indict

appellant under section 31.03(e)(4)(D) of the Texas Penal Code.[1] Paragraph II of the indictment reflects that the grand jury also found appellant had been previously convicted of felony theft. At trial, the prosecutor read both paragraphs of the indictment to the jury. Defense counsel did not object to the reading of Paragraph II. At the end of the trial, defense counsel requested a jury charge with a lesser included instruction on misdemeanor theft. The trial judge overruled the request. A jury found appellant guilty of state jail felony theft as alleged in the indictment. Appellant now raises issues of ineffective assistance of counsel and improper jury charge.

## Ineffective Assistance of Counsel

In his first issue, appellant claims that he received ineffective assistance of counsel at trial. Specifically, appellant alleges that the prosecutor violated section 36.01(a)(1) of the Code of Criminal Procedure because Paragraph II of the indictment was not jurisdictional; thus, reading Paragraph II at the guilt/innocence phase was error under *Frausto v. State*, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982). Appellant alleges a "reasonable probability" that the jury was prejudiced by the knowledge that he was a convicted felon. Appellant further alleges that the prosecutor's error was not preserved because defense counsel did not object or otherwise make a record after the reading of the indictment. Because he was denied a curative instruction that evidence of a prior conviction was not to be considered in deciding guilt, appellant claims that he was denied effective assistance of counsel.

---

[1] This section provides that a theft is a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2001).

We assess claims of ineffective assistance of counsel using the standard set by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). This standard was adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986), and recently applied in *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). *Strickland* sets forth a two-pronged test requiring a defendant to show that his counsel made serious errors and that those errors caused serious harm. *Strickland*, 466 U.S. at 687. Failure to show either deficient performance or sufficient prejudice defeats a claim of ineffectiveness. *Thompson*, 9 S.W.3d at 813. Absent one of the two required factors, the appellate court cannot conclude that the proper functioning of the adversarial process was so undermined as to render the result unreliable. *See id.* at 812-13; *Blevins v. State*, 18 S.W.3d 266, 272 (Tex. App.—Austin 2000, no pet.).

Under the first *Strickland* prong, the defendant must show that counsel's assistance was deficient, falling below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812. In determining reasonableness, we look at the totality of the representation and the particular circumstances of the case. *Id.* at 813; *Blevins*, 18 S.W.3d at 271. An appellate court's review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. Thus, we begin by presuming that trial counsel's performance was within the range of reasonable professional assistance. *Id.*; *Thompson*, 9 S.W.3d at 813; *Blevins*, 18 S.W.3d at 271. The defendant bears the burden of overcoming this presumption by a preponderance of evidence. *Thompson*, 9 S.W.3d at 814; *Blevins*, 18 S.W.3d at 271. This burden requires the defendant to bring forward a record from which we may discern that trial counsel's performance was not based on sound strategy. *Thompson*, 9 S.W.3d at 813; *Blevins*, 18 S.W.3d at 271. A defendant's burden of

3

proof is particularly difficult to meet where, as here, the alleged dereliction is an error of omission. *See Thompson*, 9 S.W.3d at 814. When the record provides no explanation as to why counsel chose not to object, or failed to object, appellant cannot defeat the strong presumption that counsel's trial decisions "fell within the wide range of reasonable professional assistance." *Id*. This is especially true when the rest of counsel's representation was otherwise satisfactory. *Id*.

Counsel did not err in not objecting to the reading of Paragraph II. Appellant correctly states that prior convictions that are alleged only for purposes of enhancement are not jurisdictional and should not be read until the hearing on punishment. *See* Tex. Code Crim. Proc. Ann. § 36.01(a)(1) (West Supp. 2001). However, Paragraph II was not used for enhancement purposes in this case. The theft of property having a value of less than $1500 is a state jail felony if the defendant "has been previously convicted *two or more times* of *any grade of theft*." Tex. Penal Code Ann. § 31.03(e)(4)(D) (emphasis added). The quoted phrase is jurisdictional. *Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim. App. 1980). Allegations of prior thefts are elements of the felony theft offense; they are not enhancements which increase punishment. *Id*. at 871-72 n.9; *Henry v. State*, 948 S.W.2d 338, 341 (Tex. App.–Dallas 1997, no pet.); *Carter v. State*, 804 S.W.2d 326, 327 (Tex. App.–Waco 1991, no pet.). There is no evidence that Paragraph II was read for any purpose other than to establish the elements of the offense in this case.

A state jail felony is punishable by incarceration for 180 days to two years. Tex. Penal Code Ann. § 12.35(a) (West 1994); *see also Brown v. State*, 14 S.W.3d 832, 832 (Tex. App.–Austin 2000, pet. ref'd). During the punishment phase of appellant's trial, the jury was instructed to consider exactly that range of incarceration. No attempt was made to enhance appellant's conviction from a state jail felony to a second-degree felony. *See* Tex. Penal Code

4

Ann. § 12.42(a)(3) (West Supp. 2001). In fact, this Court has held that an attempt to do so would be error:

> Under [section 31.03(e)(4)(D) of the Texas Penal Code], a defendant's history of theft convictions, regardless of their number or degree, cannot elevate a subsequent theft of property worth less than $1500 beyond the status of a state jail felony. For this reason, the punishment for third offense theft under [that] section . . . cannot be enhanced . . . by proof of additional felony theft convictions.

*Brown*, 14 S.W.3d at 832-33 (citations omitted). Thus, the reading of Paragraph II was not error, and defense counsel had no reason to object to the reading. We therefore hold that appellant has not shown that counsel made serious errors under the first prong of *Strickland,* and so has not shown ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687.

Even if Paragraph II were an enhancement paragraph, we would still not find that appellant has affirmatively demonstrated ineffective assistance of counsel. One of our sister courts has addressed facts similar to those presented here. In *Hardin v. State,* appellant's trial attorney failed to object when the State read enhancement paragraphs at the guilt/innocence phase of the trial. 951 S.W.2d 208, 211 (Tex. App.–Houston [14th Dist.] 1997, no pet.). The court agreed with Hardin that reading the enhancement paragraph before the punishment phase was error, because it could prejudice the jury "at the outset of the trial by an announcement that the State believes the defendant has been previously convicted of a prior offense." *Id*. at 211-12 (citing *Frausto*, 642 S.W.2d at 509). Nonetheless, the *Hardin* court determined that defense counsel's isolated failure to object at trial did not render the totality of his performance ineffective under the first *Strickland* prong. *Id*. at 212. The court also made allowances for any valid trial strategy that might have prompted counsel to refrain from objecting to the reading of the enhancement

5

paragraph. For example, he might have attempted "to avoid calling further attention to appellant's prior convictions." *Id*. Although, in hindsight, this strategy might not have been advisable, the *Hardin* court refused to consider the impact of counsel's error on appellant's trial absent "a determination that counsel's performance, *in its entirety*, was deficient." *Id*. We believe that the court of appeals applied *Strickland* properly in *Hardin*, and we follow its approach in the instant case.

Appellant here does not allege that trial counsel's performance was totally unreasonable. He points to only one instance where counsel allegedly acted improperly. The *Strickland* standard does not guarantee a defendant perfect or errorless counsel, only reasonable assistance. *Id*. Moreover, in determining whether trial counsel's performance was deficient, we do not speculate about his trial strategy. *Blevins*, 18 S.W.3d at 271. Appellant has failed to meet his burden of affirmatively proving by a preponderance of the evidence that trial counsel's performance, taken as a whole, was outside the range of reasonable professional assistance. We hold that appellant has not overcome the strong presumption that his trial counsel's strategy was reasonable. Because appellant has not met the first *Strickland* prong of deficient performance, we need not address the second prong of sufficient prejudice. *See Hardin*, 951 S.W.2d at 212. Appellant's first point of error is overruled.

**Jury Charge**

In his second issue, appellant alleges that the trial court erred by failing to instruct the jury on a lesser-included charge of Class B theft. This Court uses the two-pronged test set out in *Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981), to determine whether a trial court

6

should have charged the jury on a lesser offense in addition to the charged offense. *Otting v. State*, 8 S.W.3d 681, 687 (Tex. App.–Austin 1999, pet. ref'd, untimely filed); *Bohnet v. State*, 938 S.W.2d 532, 534 (Tex. App.–Austin 1997, pet. ref'd). The *Royster* test requires first that proof of the lesser offense be included within the proof necessary to establish the offense charged. *Bohnet*, 938 S.W.2d at 534. Second, some evidence must exist in the record that would permit a jury rationally to find the defendant guilty, if at all, of only the lesser offense. *Id.*; *see also Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (discussing the *Royster* test as refined by *Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993)).

The determination of whether an offense is a lesser-included offense must be made on a case-by-case basis. *Jacob v. State*, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995); *Bohnet*, 938 S.W.2d at 534. A three-step analysis is employed to determine whether the first *Royster* prong is met. *Jacob*, 892 S.W.2d at 908. First, the reviewing court must analyze the elements of the offense actually charged. *Id*. at 907. One must look at the evidence legally required to prove guilt as defined by the specific indictment. *Bohnet*, 938 S.W.2d at 534 (discussing *Jacob*, 892 S.W.2d at 908.). Second, the court must examine "the statutory elements of the offense sought as a lesser-included offense." *Jacob*, 892 S.W.2d at 907. Third, the court must determine whether the elements of the lesser offense are functionally included in the elements of the charged offense. *Id.* at 908; *Bohnet*, 938 S.W.2d at 534.

In this case, appellant was actually charged with the offense of state jail felony theft. As explained above, this offense has two elements. Tex. Penal Code Ann. § 31.03(e)(4)(D); *see also Henry*, 948 S.W.2d at 341. The first element is theft of property valued at less than $1500. Tex. Penal Code Ann. § 31.03(e)(4)(D). The second element is two or more

7

previous convictions for theft. *Id.* A defendant is guilty of the requested lesser offense, Class B theft, if the value of the property stolen is $50 or more but less than $500, or if the value of the stolen property is less than $50 and the defendant has previously been convicted of any grade of theft. *Id.* § 31.03(e)(2)(A)(i), (B)(i). These elements are functionally included in the elements of state jail felony theft. Also, the parties stipulate that misdemeanor theft is a lesser-included offense of felony theft. Thus, the first *Royster* prong is met here.

Next, we must determine if some evidence exists in the record that would permit a jury rationally to find the defendant guilty, if at all, of only Class B theft. *See Bignall*, 887 S.W.2d at 23; *Bohnet*, 938 S.W.2d at 534. The Texas Court of Criminal Appeals explained in *Bignall* that "some evidence" is "[a]nything more than a scintilla of evidence." *Bignall*, 887 S.W.2d at 23. However, it is not enough to have some evidence; this evidence must be evaluated rationally. *See Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000) (evaluating whether defendant convicted of delivering 50 to 2000 pounds of marihuana was entitled to lesser-included offense instruction on delivery of 5 to 50 pounds). To do so, "the appellate court must examine the entire record instead of plucking certain evidence from the record and examining it in a vacuum." *Id.*

In this case, *some* evidence was presented that defendant was guilty only of theft. *See Bignall*, 887 S.W.2d at 23. When the State proffered two judgment and sentencing documents (State's Exhibits 4 and 5) as evidence that appellant had committed two prior thefts, defense counsel elicited testimony that a thumbprint used to identify appellant on State's Exhibit 4 was incomplete. In closing argument, defense counsel also suggested that State's Exhibit 4 was

8

inconclusive because it included an alias, David Frederick, and no evidence had been introduced that defendant had used this name.

This evidence, however, must be evaluated rationally in light of the entire record. *See Enriquez*, 21 S.W.3d at 278. The Travis County crime scene technician who admitted that the thumbprint was incomplete also averred that there was "plenty there" to make an eight-point match to appellant's own thumbprint, which was taken that day during a jury recess. Furthermore, State's Exhibit 4 actually referred to "David Frederick a/k/a Marshall Parker." Considered as a whole, the evidence does not permit a jury rationally to find that appellant was guilty only of misdemeanor theft. Appellant's second point of error is overruled.

**Conclusion**

The judgment of the trial court is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   February 28, 2001

Do Not Publish