# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00003-CR

**Frederick Earl Washington, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 9560, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING

Appellant Frederick Earl Washington was convicted of robbery after pleading guilty. *See* Tex. Pen. Code Ann. § 29.02 (West 1994). His sole contention on appeal is that the forty-five year sentence imposed by the court is unauthorized by law and void. We agree.

The indictment alleged two previous felony convictions for the purpose of enhancing punishment. *See id.* § 12.42(d) (West Supp. 2001). On October 11, 2000, when Washington appeared before the district court and pleaded guilty to the alleged robbery, the parties agreed to reserve the enhancement issue for the sentencing hearing. With that, the court found Washington guilty and reset the cause for sentencing.

Washington returned to court on November 28. He did not enter a plea to the enhancement allegations, the State offered no evidence to prove the enhancement allegations, and the court did not find the enhancement allegations to be true. Under the circumstances, appellant's sentence was not subject to enhancement. In fact, the court's written judgment reflects that no

finding was made regarding the enhancement allegations. Nevertheless, the district court assessed punishment at imprisonment for forty-five years.

Robbery is a second-degree felony. *Id*. § 29.02(b). Washington's forty-five year sentence exceeds that authorized for a second-degree felony. *Id*. § 12.33 (West 1994). A sentence not authorized by law is void. *Levy v. State*, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991); *Brown v. State*, 14 S.W.3d 832, 833 (Tex. App.—Austin 2000, pet. ref'd); *see Ex parte Seidel*, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001). Therefore, we affirm the district court's judgment as to the finding of guilt, but reverse that portion of the judgment imposing sentence and remand the cause for reassessment of punishment within the range prescribed for a second-degree felony.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed in Part, Reversed and Remanded in Part

Filed:   September 20, 2001

Do Not Publish