MEMORANDUM OPINION




No. 04-02-00528-CR



William Lawrence TAYLOR a/k/a Eddie G. Ogilvee,


Appellant



v.



STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CR-4574


Honorable Sharon MacRae, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 23, 2003


AFFIRMED

 William Taylor was found guilty of misdemeanor theft enhanced to a state jail felony by two
previous misdemeanor theft convictions, enhanced to habitual by two previous felony convictions.
He was sentenced to three years imprisonment and fined one thousand dollars. He appeals, alleging
the punishment exceeds the statutory maximum for a state jail felony under section 12.42 of the
Texas Penal Code. We disagree and affirm the trial court's judgment.

 Taylor was charged with the theft of property valued under $1500, a misdemeanor offense.
See Tex. Pen. Code Ann. § 31.03(e)(1)-(3) (Vernon 2003). However, the indictment alleged that
Taylor had two previous theft convictions, thus elevating the charged theft to a state jail felony. Id.
at § 31.03(e)(4)(D). The indictment further alleged that, before the commission of the charged
offense, Taylor had been convicted of the felony of robbery by assault; and, before the commission
of the charged offense and after the conviction for robbery by assault had become final, Taylor was
convicted of the felony of possession of cocaine under twenty-eight grams. Because of these
previous felony convictions, Taylor was subject to punishment for a second degree felony. Id.
§ 12.42(a)(2). Taylor's punishment of three years imprisonment falls within the range for a second
degree felony. Id. § 12.33(a).

 In support of his argument, Taylor cites Brown v. State 14 S.W.3d 832, 833 (Tex.
App.-Austin 2000, pet. ref'd), for the proposition that "[t]he punishment for a third offense theft
under Sec. 31.03(e)(4)(D) cannot be enhanced beyond a state jail felony pursuant to Sec. 12.42(a)
Tex. Pen. Code by proof of additional felony theft convictions." However, the previous felonies used
to enhance Brown's conviction for theft of property under $1500 were themselves convictions for
theft; therefore, Brown's theft conviction remained a state jail felony under section 31.03(e)(4)(D).
See id. at 832. Taylor's previous felony convictions were not for theft. See Rawlings v. State, 602
S.W.2d 268, 269-271 (Tex. Crim. App. [Panel Op.] 1980).

 Taylor's reliance on Campbell v. State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001), is also
misplaced. Previous state jail felonies were not used to enhance a state jail felony. Likewise
inapposite is Sinegal v. State, 789 S.W.2d 383 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd),
which addresses the use of remote prior convictions for impeachment purposes. See id. at 387.
Previous convictions, however remote, can be used for enhancement purposes. See Joles v. State,
563 S.W.2d 619, 621-22 (Tex. Crim. App. 1978); Hicks v. State, 545 S.W.2d 805, 810 (Tex. Crim.
App. 1977). 

 The trial court's judgment is affirmed.


 Sarah B. Duncan, Justice


Do not publish