Opinion filed October 16, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 16,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00037-CR 

                                                     __________

 

                               JOE
LAWRANCE HOWELL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court 

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR32198

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Joe Lawrance Howell of felony theft by repetition, and the trial
court sentenced him to five years confinement.  We affirm.

I.
Background Facts








 Howell
was indicted for theft by repetition.  Tex.
Penal Code Ann. '
31.03(e)(4)(D) (Vernon Supp. 2008).  The State alleged that he unlawfully acquired
and exercised control over power tools worth less than $1,500 and that he had
two prior theft convictions.  The State also alleged for enhancement purposes
that Howell had been previously convicted of delivery of a controlled substance
and attempted burglary.  The jury found Howell guilty as charged in the
indictment.  Howell pleaded true to the two enhancement paragraphs, and the
trial court sentenced him to five years confinement.

II.
Issues on Appeal

Howell
challenges his conviction and sentence with four issues.  Howell contends that
the evidence was legally or factually insufficient to sustain his conviction,
that trial counsel was constitutionally ineffective for not requesting an
instruction on mistake of fact, and that the trial court=s sentence is void because it exceeds the
maximum permissible punishment for his offense.

                                                                    III. 
Analysis

A. 
Sufficiency of the Evidence.

 Howell
argues that the evidence is legally or, alternatively, factually insufficient
to sustain his conviction because there was insufficient evidence of
appropriation.  Howell concedes that there is evidence he exercised some
physical control over the power tools but denies that there is any evidence
that he did so with the intent to deprive the owner of his property.

1.  Standard of Review.

To
determine if the evidence is legally sufficient, we review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  The factfinder is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992). The factfinder may choose to believe or disbelieve all or any part of
any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence.  Id. at 414-15.








2.  The Evidence.[1]

 Ronald
Keith Bush testified that on April 2, 2006, he drove his white, Ford F-250
pickup to Wal-Mart and went inside to shop.  Bush=s
pickup had a toolbox behind the cab.  The toolbox was locked.  When Bush came
out of Wal-Mart, he saw Howell standing next to his pickup with a sander in
each hand.  Bush yelled at Howell, who threw the sanders back into his toolbox
and shut the lid.  Howell told Bush that he had not taken anything and that
someone named ABob@ had told him that he could
come to Wal-Mart and get a grinder out of his pickup.  Bush told Howell that he
was not Bob and that those were not grinders.  Howell replied, AOkay@ and walked away.  A third individual
approached Bush and asked him if Howell had taken anything.  According to this
individual, Howell had also looked in the back of his pickup, a green Chevy
S-10.  The third individual then noticed that Howell was looking in the back of
a third pickup.

Bush
contacted the police.  An officer spoke with Bush at the scene and obtained a
description of Howell=s
vehicle.  This description was broadcast on the police radio, and a second
officer saw and stopped Howell.  The investigating officer interviewed Howell. 
He acknowledged being accused of stealing tools by someone at Wal-Mart but
denied doing anything improper.  Midland Police Detective Manuel Beltran later
contacted Wal-Mart and obtained a copy of their parking lot videotape for April
2.  On the video, Howell=s
vehicle can be seen looping around in the parking lot before making a U-turn
and parking near Bush=s
pickup.  Someone exited from the passenger=s
side of Howell=s
vehicle and walked to the front of the building.  The individual walked out of
the camera=s range but
later returned to Howell=s
vehicle before walking to a white pickup.  He did something by the pickup=s toolbox, started to
return toward the store, and was approached by a customer with a shopping
cart.  The two walked back to the white pickup, and then the individual started
walking back to the store.  Howell=s
vehicle did a loop and headed to the south end of the parking lot.








Detective
Beltran contacted Howell.  Detective Beltran told Howell that charges would be
filed and that the Wal-Mart video implicated him.  Howell told Detective
Beltran that he did not take anything from the toolbox and that everything was
returned, but he never contended that he was in the toolbox because he
mistakenly thought the pickup belonged to a friend.  Howell agreed to come to
the police department to speak with Detective Beltran over his lunch hour, but
he failed to appear. 

Howell
did not testify, but a friend, Angela Sawyer, did.  She testified that Howell
had told her previously that a friend owed him money, transmission parts, and a
grinder.  On April 2, they drove to Wal-Mart to buy a package of cigarettes. 
Howell noticed Bush=s
pickup and told her that it was his friend=s
pickup.  She parked near Bush=s
pickup.  Howell opened the toolbox and looked inside.  When Bush approached,
Howell closed the lid and apologized.

Howell
contends that this evidence might support an attempted theft prosecution but
not actual theft because there was no evidence of appropriation.  AAppropriate@ means to acquire or
otherwise exercise control over property other than real property.  Tex. Penal Code Ann. ' 31.01(4)(B) (Vernon
Supp. 2008).  Appropriation occurs when one person unlawfully exercises control
over property belonging to another.  One 1985 Chevrolet v. State, 852
S.W.2d 932, 934 (Tex. 1993).  In Freeman v. State, 707 S.W.2d 597, 605
(Tex. Crim. App. 1986), the court held that whether an appropriation has
occurred is not determined by the mechanical rules that characterized common
law larceny but by considering whether the accused exercised unauthorized
control over the property.

The
evidence is legally and factually sufficient to sustain Howell=s conviction.  The jury saw
the Wal-Mart parking lot video and heard evidence that Howell got two sanders
out of a locked toolbox.  The jury also heard that, when Bush confronted Howell,
he offered an explanation that a factfinder could reasonably find implausible
because Howell was seen looking in three pickups B
two of which were substantially dissimilar B
and because Howell did not repeat this explanation when confronted by Detective
Beltran.  Issues One and Two are overruled.  

B.
Ineffective Assistance.








Howell
next argues that his trial counsel was constitutionally ineffective for not objecting
to the jury charge because it did not contain a mistake-of-fact instruction. 
To determine whether trial counsel rendered ineffective assistance at trial, we
must determine whether Howell has shown that counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors.  Strickland
v. Washington, 466 U.S. 668, 687 (1984). 

We
need not address whether trial counsel erred because Howell has not shown that
the missing instruction would have reasonably resulted in an acquittal.  Howell
argues that counsel=s
failure to request a mistake-of-fact instruction effectively deprived him of
his only defense.  We disagree.  Howell=s
intent was fully developed and presented to the jury.

This
court has previously recognized that, if the defense of mistake of fact is
adequately developed during trial, the failure to request an instruction is not
harmful.  See Davis v. State, No. 11-02-00218-CR, 2003 WL 21469737,
at *2-3 (Tex. App.CEastland
June 26, 2003, no pet.).  Not only was Howell=s
defense developed, it was the only contested issue.  Counsel raised the State=s obligation to prove
intent and the possibility of a mistake during voir dire.  Counsel called
Sawyer as a witness.  She testified that they parked near Bush=s pickup because Howell
thought it belonged to a friend who owed him, that he had mentioned this debt
one month previously, and that the incident with Bush was a mistake.  During
closing, counsel reminded the jury of the State=s
obligation to prove intent and of the evidence that Howell approached Bush=s pickup because he
mistakenly believed it belonged to someone else.  Howell has not shown that an
additional instruction would have probably resulted in a different result. 
Issue Three is overruled.

C. 
Sentence.

 Howell=s indictment alleged that
he had been previously convicted of theft in 1986 and 1999.  The indictment
also contained two enhancement allegations.  The State alleged that Howell was
convicted of felony delivery of a controlled substance in 1989 and felony
attempted burglary of a building in 1993.  Howell stipulated to the misdemeanor
theft convictions and pleaded true to the enhancement paragraphs.  The trial
court stated at the punishment hearing that  it understood Howell had been
convicted of a state jail felony enhanced to a second degree felony.  Both
counsel agreed. Howell argues on appeal that it was error to elevate his
offense beyond a state jail felony because one of the two felony convictions
was for burglary.








Howell
relies on Brown v. State, 14 S.W.3d 832 (Tex. App.CAustin 2000, pet. ref=d), for his
improper-enhancement argument.  In Brown, the defendant was found guilty
of stealing meat, cheese, and beer worth $10.36.  This would normally be a
Class C misdemeanor, but Brown had two prior misdemeanor and three prior felony
theft convictions, and his punishment was enhanced to a second degree felony. 
The Austin Court held that Brown=s
convictions were all for theft and, therefore, that his conviction could not be
enhanced beyond a state jail felony because the theft-by-repetition statute
provides that Atheft
of property having a value of less than $1,500 is a state jail felony if the
defendant >has been
previously convicted two or more times of any grade of theft.=@  14 S.W.3d at 832.  The court concluded that
this language limited the maximum enhancement effect of prior theft convictions
regardless of their number or degree.  Id.  

We
agree with the court=s
reasoning in Brown, but do not agree that it applies to this case. 
Howell=s felony
conviction for delivery of a controlled substance is not a theft conviction,
and Howell provides no reason why that conviction could not be used to enhance
his sentence.  Moreover, the Austin Court itself has held that burglary is not
a theft offense for purposes of the theft-by-repetition statute.  See Watson
v. State, 923 S.W.2d 829, 834 (Tex. App.CAustin
1996, pet. ref=d). 
The trial court did not err by using Howell=s
two prior felony convictions to enhance his punishment.  Issue Four is
overruled.

IV. 
Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

October 16, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Howell=s brief refers
us to his statements to the trial court during the punishment hearing
explaining why he raised the lid on Bush=s
toolbox.  Our review is necessarily confined to the evidence presented to the
jury.  We may not, therefore, consider these statements.