**Roland Reed BOHNET, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–95–00724–CR.

Court of Appeals of Texas, Austin.

Jan. 23, 1997.

Rehearing Overruled Feb.27, 1997.

Gerald M. Brown, Brown & Cox, Temple, for appellant.

Arthur Cappy Eads, District Attorney, James T. Russell, Administrative Assistant, Belton, for appellee.

Before POWERS, ABOUSSIE and JONES , JJ.

JONES, Justice.

A jury found appellant, Roland Reed Bohnet II, guilty of capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(8) (West 1994).

The State having elected not to seek the death penalty, the trial court assessed punishment at life imprisonment. *See* Tex. Penal Code Ann. § 12.31(a) (West 1994); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp.1997). In three points of error, appellant contends that (1) the trial court erred in refusing to instruct the jury on lesser included offenses of manslaughter and criminally negligent homicide; and (2) his trial counsel rendered ineffective assistance. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 1995, appellant had neighbors call 911 to report that his infant son Alexander was not breathing. The infant was rushed to the hospital, where he died as a result of head injuries. After it was determined that the child's injuries were not accidental, appellant was arrested for Alexander's murder.

A Bell County grand jury returned an indictment charging appellant with capital murder of a child younger than six years of age. *See* Tex. Penal Code Ann. §§ 19.02(b)(1), 19.03(a)(8) (West 1994). The indictment specifically alleged that:

> Ronald Reed Bohnet, II ... [did] ... intentionally and knowingly cause the death of an individual under six years of age, namely Alexander Reed Bohnet, by then and there striking the said Alexander Reed Bohnet in the head with his fist, with his hand, and with an object unknown to the grand jury, and by striking the head of Alexander Reed Bohnet against an object unknown to the grand jury against the peace and dignity of the State.

Appellant was tried before a jury. At the conclusion of evidence, appellant requested that the trial court include jury charge instructions on the lesser included offenses of manslaughter and criminally negligent homicide. The court refused to include the instructions in the charge. The jury returned a verdict finding appellant guilty of capital murder, and appellant was sentenced by the trial court to life in prison.

## DISCUSSION

In his first two points of error, appellant contends the trial court erred in refusing to instruct the jury on the lesser included offenses of manslaughter and criminally negligent homicide because evidence was presented at trial that Alexander's death resulted from appellant's reckless or negligent "shaking" of him.[1]

Under the Code of Criminal Procedure, an offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex.Code Crim. Proc. Ann. art. 37.09 (West 1981).

■ When deciding whether to submit an instruction on a lesser-included offense, the trial court employs a two-step analysis set forth in *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981). The first prong of the *Royster* test requires that the lesser-included offense be within the proof necessary to establish the offense charged. *Id.* at 446. The second prong requires that the record contain "some evidence" that would permit a jury rationally to find that, if the defendant is

guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993) (clarifying *Royster* as to the rational findings of the jury). The determination of whether an act bears such a relationship to the offense charged as to constitute a lesser-included offense must be made on a case-by-case basis, because a lesser-included offense is defined in terms of the facts of the case as well as the terms of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981); *Livingston v. State*, 739 S.W.2d 311, 336 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Ex parte McClelland*, 588 S.W.2d 957, 959 (Tex.Crim.App.1979). Whether appellant was entitled to the instructions he requested on lesser-included offenses is controlled by the first prong of the *Royster* test: whether the elements of manslaughter and criminally negligent homicide are included in the elements of the offense originally charged by the specific language of the indictment. We hold they are not under the facts of this case.

At appellant's urging, our analysis focuses on the applicability of article 37.09(1). The court of criminal appeals recently discussed subparagraph (1) of article 37.09 in *Jacob v. State*, 892 S.W.2d 905 (Tex.Crim.App.1995). The court held that the "facts required" language of article 37.09(1) refers to the evidence legally required to prove guilt *as defined by the specific indictment*:

The constitutional validity of Article 37.09 rests in part on its reference to the offense charged and to the restricted or reduced culpability of the lesser included offense as compared to the offense charged. Otherwise a defendant could be convicted of

---

1. The State claims that appellant did not preserve his complaint on the manslaughter instruction for appellate review. Although appellant simply requested the court to include an instruction on manslaughter, we conclude that it was sufficient, under the record in this case, to call the court's attention to the claimed omission in the proposed charge. *See* Tex.Code Crim. Proc. Ann. art. 36.15 (West Supp.1997); *Chapman v. State*, 921 S.W.2d 694, 695 (Tex.Crim.App.1996); *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim. App.1986); *Stiles v. State*, 520 S.W.2d 894, 896–97 (Tex.Crim.App.1975).

The State also contends that appellant did not object to the omission of these instructions from the charge. *See* Tex.Code Crim. Proc. Ann. art. 36.14 (West Supp.1997). The record shows, however, that appellant did obtain a ruling from the trial court on his requests, even though an objection is not required to preserve error on a requested special jury instruction. *See Vasquez v. State*, 919 S.W.2d 433, 435 (Tex.Crim.App. 1996).

offenses not subsumed in the charged offense but shown by the evidence presented. This is why the lesser included offense is defined with reference to the facts "required" to establish the charged offense rather than to facts presented at trial. *Id.* at 908 (citations omitted).

■ In the present case, the "facts required to establish" that appellant committed capital murder, *i.e.* the elements of the offense actually charged in the indictment, are that (1) appellant intentionally and knowingly (2) caused the death of an individual (3) under six years of age (4) by striking the head of the victim with his fist, hand, or unknown object, or against an unknown object.[2] The State was not required to plead the precise way in which appellant caused Alexander's death. Indeed, an indictment simply charging that appellant intentionally and knowingly caused Alexander's death "in a manner unknown to the grand jury" would (with appropriate proof at trial) have been sufficient to allege the charged offense and provide adequate notice. *See Hicks v. State,* 860 S.W.2d 419, 424 (Tex.Crim.App.1993); *Tidrow v. State,* 916 S.W.2d 623, 629 (Tex. App.—Fort Worth 1996, no pet.). By including a more specific description in the indictment, however, the State undertook the burden of proving these specific allegations to obtain a conviction. Thus, the specific allegations in the indictment became "facts required to establish the charged offense." *See Wray v. State,* 711 S.W.2d 631, 633 (Tex. Crim.App.1986); *Windham v. State,* 638 S.W.2d 486, 487–88 (Tex.Crim.App.1982) (when an indictment alleges a specific means of committing a homicide, the State has the burden of proving that allegation); *see also Burrell v. State,* 526 S.W.2d 799, 802–03 (Tex.Crim.App.1975). Accordingly, had the evidence shown only that Alexander's death was the result of appellant's reckless or negligent shaking of the baby, appellant would have been entitled to a directed verdict of acquittal because the State would have failed to prove the elements of the crime as charged in the indictment. *See Doyle v. State,* 661 S.W.2d 726, 729 (Tex.Crim.App. 1983); *Moore v. State,* 531 S.W.2d 140, 142 (Tex.Crim.App.1976).

Appellant contends that, because evidence was presented at trial that his reckless or negligent shaking caused Alexander's death, he was entitled to jury instructions on the lesser included offenses of manslaughter and criminally negligent homicide. However, appellant's shaking of Alexander was not a required element of the offense charged in the indictment; rather, it was merely a fact that was presented at trial by appellant. If the trial court had included an instruction on manslaughter or criminally negligent homicide as a result of evidence having been presented at trial that appellant recklessly or negligently shook his son, the effect would have been to require the State to prove facts not alleged in the indictment and not essential to a conviction. Such an instruction would be contrary to article 37.09(1), because under that statute a lesser-included offense must be established by less or the same proof of facts required to establish the charged offense, not additional, unalleged matters presented at trial. For appellant to have been entitled to instructions on the lesser included offenses of manslaughter and criminally negligent homicide under the indictment in the present case, there had to be some evidence that he either recklessly or negligently *struck* Alexander in the head with his fist, hand, or other unknown object, not simply that he recklessly or negligently *shook* the child. *See Rousseau,* 855 S.W.2d at 672–73. Neither appellant nor the State, however, produced any evidence that appellant either recklessly or negligently struck Alexander.

The indictment returned against appellant charged him with capital murder for striking Alexander's head with some object or striking his head against some object. That is the only crime for which he was tried.

---

2. Although the indictment was phrased in the conjunctive, the State is allowed to anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof of any one theory of the offense will support a guilty verdict. *Lehman v. State,* 792 S.W.2d 82, 84–85 (Tex.Crim.App.1990). When the State pleads alternate theories of the same offense, it is not required to prove guilt under *all* of the theories alleged; proof of guilt under one theory of the offense will suffice for conviction. *Id.*

Based on the evidence presented, including manslaughter or criminally negligent homicide in the jury charge would have allowed the jury to convict appellant of a crime for which he was not indicted and would misinterpret article 37.09(1). We overrule points of error one and two.

In his third point of error, appellant contends he was denied reasonably effective assistance of counsel. Specifically, appellant claims he received ineffective assistance of counsel when his trial counsel failed to: (1) object to questions directed to appellant's wife on cross-examination; (2) object to extrinsic evidence from the State's rebuttal witness; (3) object to the State's interjection of prejudicial matters during cross-examination of certain defense witnesses; and (4) provide any case law in support of the inclusion of instructions in the jury charge on manslaughter and criminally negligent homicide.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that, to show ineffective assistance of counsel, a convicted defendant must first show that counsel's performance was deficient, *i.e.*, that counsel's performance fell below a minimum objective level of reasonableness. The defendant must also show prejudice, *i.e.*, that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 686, 104 S.Ct. at 2063–64. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* at 687, 104 S.Ct. at 2064. Texas adopted this test in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim.App.1986). *See also O'Hara v. State*, 837 S.W.2d 139, 143 (Tex.App.—Austin 1992, no pet.).

In determining whether counsel's trial performance was deficient, judicial scrutiny must be highly deferential. A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. An ineffectiveness-of-counsel claim cannot be demonstrated by isolating one portion of counsel's representation, but instead must be judged on the totality of the representation.

*Strickland*, 466 U.S. at 670, 104 S.Ct. at 2056; *McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Crim.App.1992), *cert. denied*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

Appellant has the burden of proving ineffective assistance of counsel. He has not brought to this Court any evidentiary record showing the reasons for his attorney's actions, and we can only speculate on trial counsel's strategy. Due to the absence of evidence concerning counsel's reasons—or lack thereof—for his actions, we are unable to conclude that his performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). As previously discussed, in accordance with *Strickland*, we must presume that appellant's counsel was better positioned than this Court to judge the practicalities of the particular case and that he made all significant decisions in the exercise of reasonable professional judgment. *See Delrio v. State*, 840 S.W.2d 443, 447 (Tex.Crim.App.1992). In the absence of evidence demonstrating the reasons for counsel's actions, the record in the instant case does not rebut the presumption of effectiveness afforded trial counsel's decisions. *See Jackson*, 877 S.W.2d at 772 (Baird, J., concurring).

In any event, even assuming appellant's trial counsel's actions were error, we conclude that appellant has not met his burden of showing that the decision reached by the jury would have been different absent the alleged errors of appellant's trial counsel. *See Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063–64. Considering the totality of the evidence before the jury, we hold that appellant's trial counsel's alleged errors are not such as to undermine our confidence in the outcome of appellant's trial and render the result unreliable. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Shaw v. State*, 874 S.W.2d 115, 119–20 (Tex.App.—Austin 1994, pet. ref'd). We overrule point of error three.

## CONCLUSION

Having overruled appellant's points of error, we affirm the judgment of conviction.