TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00731-CR







Ricardo Rodriguez, Appellant



v.



The State of Texas, Appellee


 





FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0393-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







 This is an appeal from a conviction of sexual assault and retaliation. Tex. Penal Code Ann.
§§ 22.011(a)(1)(A), 36.06(a)(1) (West 1994). A jury found appellant, Ricardo Rodriguez, guilty and the
trial court assessed punishment at five years in the Institutional Division of the Texas Department of Criminal
Justice. Appellant brings two points of error. He contends the trial court erred by sustaining a hearsay
objection to appellant's testimony. Appellant also claims that he was denied effective assistance of counsel. 
We will affirm the trial-court judgment.

BACKGROUND

 A grand jury indicted appellant for sexually assaulting and retaliating against his estranged
wife, Dora Rodriguez. Appellant was also charged in a separate indictment with aggravated assault of his
estranged wife. The two causes were joined for a trial.

 At trial, the State asserted that, on April 26, 1995, appellant called his wife as she prepared
to go to work and asked to see her. The State claimed she agreed to stop at a Motel 6 where appellant
was staying and talk with him for five minutes. The State alleged that, after the wife arrived at the hotel
parking lot, appellant asked her if she was going to drop the aggravated assault charges she had filed
against him in January 1995. (1) The State alleged that the wife told appellant she would not drop the charges
and he responded by pulling her into her car, driving the car to the end of the parking lot, and forcing her
to have sex with him. The State presented evidence that the wife suffered from bruises and contusions on
her face and trauma to the vaginal area.

 Appellant denied raping or beating his wife and asserted she consented to having sex in the
car. He asserted that his wife has a history of having sex in public and testified she previously consented
to having sex in a truck with him at a park. He argued that his wife is jealous and vindictive and filed the
charges against him because she had seen him with other women.

 The jury found appellant guilty of sexual assault and retaliation but not of the separate
incident of aggravated assault. Appellant did not file a motion for new trial and now brings this appeal.

DISCUSSION

 In his first point of error, appellant complains the trial court erred by not allowing him to
testify about his wife's need for lubricants during sex. Appellant offered this testimony to explain that the
trauma to her vaginal area did not necessarily result from forced sex but could have been caused by
consensual sex if she was not using a lubricant.

 The record shows that the trial court sustained the State's hearsay objection to the
following answer by appellant: "She would--She said she was always dry whenever we had sex, so she
always used K-Y jelly." (Emphasis added.) Appellant contends that this statement is not hearsay and
should not have been excluded.

 We disagree with appellant's contention that his statement is not hearsay. Hearsay is "a
statement other than one made by the declarant while testifying at trial or hearing, offered in evidence to
prove the truth of the matter asserted." Tex. R. Crim. Evid. 801(d). In the instant case, appellant attributes
the statement to his wife and, therefore, it is obviously hearsay. Appellant did not testify to his own
personal knowledge of his wife's use of lubricants. The record does not reflect that there were any follow
up questions asked of or answered by appellant concerning his wife's need for lubricants such as what
appellant personally observed when he had sex with his wife. Accordingly, there is nothing present in the
record for our review on the subject other than the objection and exclusion of that one statement, which
we hold was hearsay.

 Appellant also contends that the statement was not offered to prove the truth of its contents. 
We disagree. In the instant case, the statement by appellant was hearsay because it was offered in
evidence to prove the truth of the matter asserted, i.e., that his wife was always dry whenever she and
appellant had sex and consequently needed a lubricant. We overrule appellant's first point of error.

 Appellant's second point of error alleges he was denied effective assistance of counsel. 
Specifically, appellant contends he received ineffective assistance of counsel when his trial counsel failed
to elicit and introduce reputation testimony essential for appellant's defensive theory. He argues that it is
apparent that his counsel's trial strategy was based on establishing that appellant had a good reputation in
the community.

 The record shows the trial court sustained objections to the following questions posed by
appellant's trial counsel to appellant's father: "Mr. Rodriguez do you feel that Ricardo would be capable
of committing rape of his wife?" and "Mr. Rodriguez, does Ricardo have a good reputation?" Appellant's
counsel then asked the trial court to allow five or six witnesses to testify about appellant's reputation. The
trial court agreed to admit this evidence on the condition that the witnesses be asked proper predicate
questions and gave appellant's counsel ten minutes to research and rephrase his questions. However, after
this exchange, appellant's attorney did not call any reputation witnesses to testify. Appellant argues that
his trial counsel did not know how to ask the basic predicate questions of appellant's father and other
witnesses necessary to admit essential character testimony into evidence.

 In order to prevail on a claim of ineffective assistance of counsel, a defendant must show
(1) that counsel's representation was deficient by falling below an objective level of reasonableness, and
(2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). 
Texas adopted this test in Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim App. 1986).

 In determining whether counsel's trial performance was deficient, judicial scrutiny must be
highly deferential. Bohnet v. State, 938 S.W.2d 532, 536 (Tex. App.--Austin 1997, no pet. h.). A
reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. Id. (citing Strickland, 466 U.S. at 689). Additionally, an ineffective
assistance of counsel claim cannot be evaluated by isolating one portion of counsel's representation, but
instead must be judged by the totality of the representation. Strickland, 466 U.S. at 670; McFarland v.
State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 (1993).

 The burden of proving ineffective assistance of counsel is on the appellant and requires
proof by a preponderance of the evidence. Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984). An appellant should first adduce facts to support a claim of ineffective assistance in a motion for
a new trial or a petition for a writ of habeas corpus before raising the claim on appeal. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record contains no evidence of the reasoning
behind trial counsel's actions, an appellate court is not permitted to speculate about trial counsel's strategy. 
Id. at 771.

 In the present case, no motion for new trial was filed and trial counsel did not testify as to
the reasons for not calling the four or five witnesses that he asked the trial court he be allowed to question. 
Thus, appellant has not brought to this Court an evidentiary record showing the reasons for his attorney's
actions, and we can only speculate on trial counsel's strategy. Appellant urges us to speculate that his trial
counsel did not know how to elicit and introduce character testimony from witnesses. The trial court gave
appellant's counsel an opportunity to research how to ask the proper questions. However, it could be that,
after researching the proper questions, trial counsel decided not to call these witnesses because they would
provide minimally favorable testimony to appellant's case when compared to the risk of unfavorable
testimony that could be elicited by the State during cross-examination. For whatever reasons, no witnesses
were called and we cannot speculate as to what these witnesses would or would not have said. Due to
the absence of evidence concerning counsel's reasons--or lack thereof--for his actions, we are unable
to conclude that his performance was deficient. As previously discussed, we must presume that appellant's
counsel was better positioned than this Court to judge the practicalities of the particular case and that he
made all significant decisions in the exercise of reasonable professional judgment. See Delrio v. State, 840
S.W.2d 443, 447 (Tex. Crim. App. 1992). In the absence of evidence demonstrating the reasons for
counsel's actions, the record in the instant case does not rebut the presumption of effectiveness afforded
trial counsel's decisions. See Jackson, 877 S.W.2d at 772 (Baird, J., concurring). We overrule point of
error two.


CONCLUSION

 Having overruled appellant's two points of error, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: May 15, 1997

Do Not Publish

1. The wife testified that on January 18, 1995, she had consensual sex with the appellant in a truck
at a park. She testified that afterwards they began arguing about truck payments and he hit her in the face
and broke her nose. She testified she filed a police report on the incident several days later at the
suggestion of police. The police report led to charges of aggravated assault being filed against appellant.


53, 55 (Tex. Crim App. 1986).

 In determining whether counsel's trial performance was deficient, judicial scrutiny must be
highly deferential. Bohnet v. State, 938 S.W.2d 532, 536 (Tex. App.--Austin 1997, no pet. h.). A
reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. Id. (citing Strickland, 466 U.S. at 689). Additionally, an ineffective
assistance of counsel claim cannot be evaluated by isolating one portion of counsel's representation, but
instead must be judged by the totality of the representation. Strickland, 466 U.S. at 670; McFarland v.
State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 (1993).

 The burden of proving ineffective assistance of counsel is on the appellant and requires
proof by a preponderance of the evidence. Cannon v. St