TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00048-CR







Eric Jerry Chase, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 49,357, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







Appellant Eric Jerry Chase pleaded guilty to an information accusing him of sexual
assault. See Tex. Penal Code Ann. § 22.011(a)(2)(B) (West Supp. 1999). The plea and
accompanying judicial confession were made pursuant to a plea-bargain agreement setting a
maximum punishment of ten years. The district court adjudged appellant guilty and, after
reviewing a presentence report and hearing the arguments of counsel, assessed punishment at
imprisonment for eight years and a $1500 fine.

Two weeks after sentencing, appellant's counsel filed a "motion for rehearing on
court's judgment of guilt and punishment." The motion stated that "[m]aterial mitigating evidence
has been brought to the attention of defense counsel that was not known by defense counsel" at
the time of the guilty-plea proceeding. The motion was considered and heard by the district court
as a motion for new trial. See Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 1999). 
Following a hearing at which appellant testified, the court overruled the motion.

Appellant's notice of appeal states he has the district court's permission to appeal. 
See Tex. R. App. P. 25.2(b)(3)(C). By a single point of error, appellant contends his trial counsel
was ineffective in two respects: he did not fully investigate the facts of the case and he refused to
permit appellant to testify. We will overrule this point and affirm. (1)

Appellant testified at the new trial hearing that the facts recited in the presentence
report were inaccurate or incomplete in various respects. Appellant first stated that he made his
objections to the report known to defense counsel before trial, but later acknowledged that he did
not discuss some of these matters with counsel until after he was sentenced. With respect to his
testifying at trial, appellant said his lawyer told him, "We weren't going to take that route," and
that he chose to follow this advice. He later regretted this choice.

Appellant has the burden of proving ineffective assistance of counsel. Bohnet v.
State, 938 S.W.2d 532, 536 (Tex. App.--Austin 1997, pet. ref'd). He must show that counsel
made such serious errors that he was not functioning effectively as counsel and that these errors
prejudiced his defense to such a degree that he was deprived of a fair trial. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim.
App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); see also Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.--Austin 1992, pet. ref'd). In reviewing appellant's claim, we must indulge a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

There is no evidence as to the scope of defense counsel's pretrial investigation. 
The testimony at the new-trial hearing shows only that appellant and his attorney reviewed the
presentence report before trial and discussed appellant's disagreements with the factual recital. 
If counsel was not fully aware of appellant's version of the relevant events, it was only because
appellant, by his own admission, did not tell his attorney certain facts until after trial.

Appellant asserts that defense counsel violated his ethical responsibilities by
refusing to permit him to testify at trial. See Tex. Disciplinary R. Prof. Conduct 1.02(a)(3) (State
Bar Rules art. X, § 9) (lawyer shall abide by client's decision whether to testify). Again, there
is no evidence to support this assertion. Appellant testified that he followed his attorney's advice
not to testify. Counsel's advice did not violate disciplinary rule 1.02, and appellant has not shown
that this advice was outside the broad range of reasonable professional assistance in the context
of this case.


Appellant has not overcome the presumption of effectiveness afforded trial
counsel's actions and decisions. The point of error is overruled and the judgment of conviction
is affirmed.



 


 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: September 10, 1999

Do Not Publish
1. The State urges that appellant failed to preserve this contention for review. See Tex. R.
App. P. 33.1. Ineffective-assistance claims are rarely successful when raised for the first time
on appeal. See Jackson v. State, 877 S.W.2d 768, 772 (Baird, J., concurring). But we are aware
of no authority holding that such a claim must be raised in the trial court in order to preserve it
for appeal, and the State cites none. We believe the contention is properly before us.



ilty-plea proceeding. The motion was considered and heard by the district court
as a motion for new trial. See Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 1999). 
Following a hearing at which appellant testified, the court overruled the motion.

Appellant's notice of appeal states he has the district court's permission to appeal. 
See Tex. R. App. P. 25.2(b)(3)(C). By a single point of error, appellant contends his trial counsel
was ineffective in two respects: he did not fully investigate the facts of the case and he refused to
permit appellant to testify. We will overrule this point and affirm. (1)

Appellant testified at the new trial hearing that the facts recited in the presentence
report were inaccurate or incomplete in various respects. Appellant first stated that he made his
objections to the report known to defense counsel before trial, but later acknowledged that he did
not discuss some of these matters with counsel until after he was sentenced. With respect to his
testifying at trial, appellant said his lawyer told him, "We weren't going to take that route," and
that he chose to follow this advice. He later regretted this choice.

Appellant has the burden of proving ineffective assistance of counsel. Bohnet v.
State, 938 S.W.2d 532, 536 (Tex. App.--Austin 1997, pet. ref'd). He must show that counsel
made such serious errors that he was not functioning effectively as counsel and that these errors
prejudiced his defense to such a degree that he was deprived of a fair trial. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim.
App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); see also Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.--Austin 1992, pet. ref'd). In reviewing appellant's claim, we must indulge a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

There is no evidence as to the scope of defense counsel's pretrial investigation. 
The testimony at the new-trial hearing shows only that appellant and his attorney reviewed the
presentence report before trial and discussed appellant's disagreements with the factual recital. 
If counsel was not fully aware of appellant's version of the relevant events, it was only because
appellant, by his own admission, did not tell his attorney certain facts un