# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00366-CR

**Jerry Lee Laxson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2000CR0222, HONORABLE CHARLES E. (CHUCK) MILLER, JR., JUDGE PRESIDING

A jury found appellant Jerry Lee Laxson guilty of possessing less than two grams of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121 (West Supp. 2002). The court assessed punishment at incarceration for twenty-five days. In his only point of error, appellant contends his trial counsel was ineffective. We will affirm the conviction.

A Comal County deputy sheriff arrested appellant after being informed that there was an outstanding misdemeanor warrant for his arrest. During the subsequent search of appellant's person, the officer found a plastic bag containing a small quantity of a substance that field tested positive for marihuana. Appellant complains that his attorney was ineffective because he did not move to suppress the marihuana and thereby force the State to produce the warrant for examination by the court. *See Miller v. State*, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987).[1] Appellant further

---

[1] At trial, counsel cross-examined the officer concerning the whereabouts of the warrant and why it had not been produced at the trial. Counsel later argued, "I asked [the officer] where the warrant

notes that counsel did not object to the officer's testimony regarding the discovery of the alleged marihuana or the result of the field test. He argues that counsel should have challenged both the accuracy of the test and the officer's qualifications for performing it. *See Hartman v. State*, 946 S.W.2d 60, 63 (Tex. Crim. App. 1997). Appellant also contends that counsel should have offered evidence as to the meaning of a "usable" quantity of marihuana and requested a jury instruction on that issue. *But see Spector v. State*, 746 S.W.2d 946, 949 (Tex. App.—Austin 1988, pet. ref'd) (definition of "usable quantity" unnecessary).[2]

Appellant urges that counsel also was ineffective at the punishment stage. He complains that counsel did not offer mitigating evidence. He also accuses counsel of permitting the State to introduce evidence of previous convictions and arrests without a sufficient showing that appellant was the person convicted or that the unadjudicated allegations were true.

We measure claims of ineffective assistance of counsel against the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The *Strickland* standard requires the defendant to show both that his counsel made serious errors and that those errors caused serious harm:

was. Well, he doesn't know. It might be at the jail. Why isn't it in this courtroom? . . . I guess y'all aren't going to see any warrant. So without a warrant Mr. Laxson's constitutional rights are out the window."

[2] During cross-examination, counsel challenged the officer to explain his assertion that there was a usable amount of marihuana in the bag. During argument, counsel urged the jury to "take a good look at" the marihuana. Counsel continued, "The crime that Mr. Laxson is charged with is possession of a usable quantity of marihuana under two ounces. . . . Presumably, there is the possibility that an amount of marihuana – small amount of marihuana or trace amount of marihuana may be found about somebody or in their car or something and that wouldn't constitute a usable quantity. . . . There's just a tiny little bit of substance in there. . . . I don't know if that would be usable or not. It's an awful small amount."

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

In determining whether an appellant has satisfied the first element of the test, we decide whether the record establishes that counsel failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88; *Hernandez*, 726 S.W.2d at 55; *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). The appellant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms and that the challenged action was not sound trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at trial. *Strickland*, 466 U.S. at 689; *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993); *Stafford,* 813 S.W.2d at 506. We assess the totality of the representation, rather than isolated acts or omissions. *Wilkerson*, 726 S.W.2d at 548. The court of criminal appeals has explained that we presume defense counsel provided reasonable professional assistance and the defendant must present proof to overcome this presumption:

> Under the *Strickland* test, the defendant bears the burden of proving ineffective assistance. In addition, when reviewing a claim of ineffective assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting *Strickland*, 466 U.S. at 689); *Hernandez*, 726 S.W.2d at 55; *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex. App.—Austin 1992, pet. ref'd). The standard of proof for ineffectiveness of counsel is a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). This burden is not a light one:

> In determining whether counsel's trial performance was deficient, judicial scrutiny must be highly deferential. A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

*Oestrick v. State*, 939 S.W.2d 232, 237 (Tex. App.—Austin 1997, pet. ref'd); *Bohnet v. State*, 938 S.W.2d 532, 536 (Tex. App.—Austin 1997, pet. ref'd) (citing *Strickland*, 466 U.S. at 689); *see also Jackson*, 877 S.W.2d at 771.

Generally, we will not speculate about counsel's trial strategy. *Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992). An appellant, however, may rebut the presumption of effectiveness by providing a record from which we may determine that trial counsel's performance was not based on sound strategy. *Jackson*, 877 S.W.2d at 771-72; *Bohnet*, 938 S.W.2d 532 at 536.

In this case, we have no record from which we may discern trial counsel's strategy. Appellant did not raise ineffectiveness of counsel in his motion for new trial and request a hearing at which he could have developed a record. Nothing in the trial record reveals counsel's reasoning or strategy with regard to the acts and omissions that appellant now alleges show the ineffectiveness of

counsel's representation. In the absence of such a record, appellant has not overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective at trial. Moreover, there is no basis in the record for a conclusion that but for counsel's alleged errors, the result of the trial would have been different. The point of error is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: April 11, 2002

Do Not Publish