TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00149-CR






Steven Robert Miller, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 52,045, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



After a jury found appellant Steven Robert Miller guilty of aggravated sexual assault,
the district court assessed punishment at imprisonment for life. See Tex. Pen. Code Ann. § 22.021
(West Supp. 2003). In two points of error, he claims he did not receive effective assistance of
counsel. We will affirm.

The complaining witness testified that when she was ten years old, appellant tied her
to a bed, placed duct tape over her mouth, and inserted a bullet into her rectum. He did this on two
different occasions. The complainant's sister, who was two years older, testified that appellant did
the same things to her. At the punishment stage, it was shown that appellant also sexually assaulted
his thirteen-year-old half-brother.

Appellant contends his trial counsel was ineffective in two respects. First, he
complains that counsel failed to properly object or to request a mistrial when, during the guilt stage,
a State witness referred to the assault of appellant's brother. Second, he complains that counsel
failed to request a hearing to test the reliability of the outcry statements, that he failed to object to
outcry testimony outside the scope of the State's pretrial notice, and that he failed to object to the
State calling more than one outcry witness for the same offense. See Tex. Code Crim. Proc. Ann.
art. 38.072 (West Supp. 2003).

To prevail on his ineffectiveness claim, appellant must show by a preponderance of
the evidence that counsel made such serious errors that he was not functioning effectively as counsel
and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair
trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770,
771-72 (Tex. Crim. App. 1999); Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). In
determining whether appellant has satisfied the first element of the test, we decide whether the record
establishes that counsel failed to provide reasonably effective assistance. Strickland, 466 U.S. at
687-88; Hernandez, 726 S.W.2d at 55; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App.
1986). Appellant must demonstrate that counsel's performance was unreasonable under the
prevailing professional norms and that the challenged actions were not sound trial strategy. 
Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We do
not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at trial. 
Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993);
Stafford, 813 S.W.2d at 506. We assess the totality of the representation, rather than isolated acts
or omissions. Wilkerson, 726 S.W.2d at 548.

The record shows that counsel had been notified by the State and was fully aware of
all the acts of sexual misconduct committed by appellant. The record does not reveal counsel's trial
strategy with regard to this evidence, or explain why counsel made the specific acts or omissions of
which appellant now complains. Under the circumstances, appellant cannot in this direct appeal
overcome the strong presumption that his counsel's actions were the result of considered trial
strategy that was reasonable from counsel's perspective at trial. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994); Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997,
pet. ref'd); Bohnet v. State, 938 S.W.2d 532, 536 (Tex. App.--Austin 1997, pet. ref'd) (citing
Strickland, 466 U.S. at 689).

Trial strategy may constitute ineffective assistance only if the record demonstrates
that counsel's acts or omissions were without any plausible basis. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999); McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992). 
A conscious and informed decision on trial strategy cannot be the basis for an ineffective assistance
claim unless it is so ill-chosen that it permeates the trial with obvious unfairness. The bare trial
record here does not reveal ineffectiveness of counsel sufficient to sustain such a claim. 

After reviewing the trial record, we hold that appellant has failed to establish that his
counsel's performance was deficient. There is nothing in the record to overcome the strong
presumption that counsel's actions fell within the wide range of reasonable professional assistance. 
We overrule both points of error.

The judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: January 16, 2003

Do Not Publish