NUMBER 13-01-479-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






JOHN LYNN GUIDRY, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 163rd District Court 


of Orange County, Texas.






O P I N I O N



Before Justices Yañez, Castillo and Baird (1)


Opinion by Justice Baird



 Appellant was charged by indictment with the offense of aggravated sexual
assault. A jury convicted appellant of the charged offense and assessed punishment
at twenty years confinement in the Texas Department of Criminal Justice--Institutional
Division. We affirm.

 Appellant's sole point of error contends trial counsel was ineffective. The right
to the effective assistance of counsel is guaranteed to criminal defendants by the Sixth
and Fourteenth Amendments to the United States Constitution and article I, section
10 of the Texas Constitution. The standard established in Strickland v. Washington,
466 U.S. 668, 684 (1984), is utilized when reviewing ineffective assistance of
counsel claims under either the United States or the Texas constitutions. Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). The Supreme Court in
Strickland outlined a two-step analysis. First, the reviewing court must decide
whether trial counsel's representation fell below an objective standard of
reasonableness under prevailing professional norms. If counsel's performance fell
below this standard, the reviewing court must decide whether there is a "reasonable
probability" the result of the trial would have been different but for counsel's deficient
performance. A reasonable probability is a "probability sufficient to undermine
confidence in the outcome." Strickland, 466 U.S. at 694. Absent both showings, an
appellate court cannot conclude the conviction resulted from a breakdown in the
adversarial process that renders the result unreliable. Id. at 687; Ex parte Menchaca,
854 S.W.2d 128, 131 (Tex. Crim. App. 1993); Boyd v. State, 811 S.W.2d 105, 109
(Tex. Crim. App. 1991).

 The defendant bears the burden of proving ineffective assistance of counsel by
a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998); Riascos v. State, 792 S.W.2d 754, 758 (Tex. App.-Houston [14th Dist.]
1990, pet. ref'd). Allegations of ineffective assistance of counsel will be sustained
only if they are firmly founded and affirmatively demonstrated in the appellate record. 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Stone v. State,
17 S.W.3d 348, 350 (Tex. App.-Corpus Christi 2000, pet. ref'd); Jimenez v. State,
804 S.W.2d 334, 338 (Tex. App.--San Antonio 1991, pet. ref'd). When handed the
task of determining the validity of a defendant's claim of ineffective assistance of
counsel, any judicial review must be highly deferential to trial counsel and avoid the
deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984).

 Generally, the trial record will not be sufficient to establish an ineffective
assistance of counsel claim. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim.
App. 1999); Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.]
1994, pet. ref'd). This is true because normally a silent record cannot rebut the
presumption that counsel's performance was the result of sound or reasonable trial
strategy. Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex.
Crim. App. 1991). However, a defendant may rebut the presumption by providing a
record from which the appellate court may determine that trial counsel's conduct was
not based upon a strategic or tactical decision. Jackson v. State, 877 S.W.2d 768,
771-72 (Tex. Crim. App. 1994); Bohnet v. State, 938 S.W.2d 532, 536 (Tex.
App.-Austin 1997, pet. ref'd). This record may be provided via a motion for new trial
hearing.

 Appellate counsel filed a motion for new trial. At the hearing on that motion,
appellate counsel stated: (a) appellant was confined in the Institutional Division of the
Texas Department of Criminal Justice and, therefore, not present for the hearing; (b)
appellant indicated that trial counsel was ineffective for failing to present witnesses
to "contradict some of the evidence that occurred at trial;" and, (c) there was some
newly discovered evidence. (2) However, appellant did not provide counsel with a list
of the potential witnesses, and because appellant was not present, he could not
establish the testimony of those witnesses. No evidence was offered at the hearing. 
The trial judge denied the motion.

 As noted above, the defendant bears the burden of proving ineffective
assistance of counsel by a preponderance of the evidence. Jackson, 973 S.W.2d at
956. We hold the statements of appellate counsel at the motion for new trial hearing
do not establish the allegations of ineffective assistance of counsel. Beyond those
statements, the allegations are not firmly founded and affirmatively demonstrated in
the appellate record. McFarland, 928 S.W.2d at 500; Stone, 17 S.W.3d at 350. 
Consequently, we are confronted with a record that does not substantiate the
allegations of ineffective assistance of counsel. Because the basis for appellant's
ineffective assistance of counsel contentions is not found in the appellate record, we
must reject them at this time. (3) Appellant's sole point of error is overruled.

 

 The judgment of the trial court is affirmed.

 

 

 CHARLES BAIRD,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 13th day of February, 2003.
1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998).
2. Counsel also argued the evidence was insufficient to support the jury's verdict, but
that argument is not relevant to this appeal.
3. This opinion will not prevent appellant from raising these claims in an application for
writ of habeas corpus, should he choose to pursue that avenue of relief. Ex parte Varelas,
45 S.W.3d 627, 629-30 (Tex. Crim. App. 2001).