

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-13-00103-CR
_____

RICK ALAN KAINZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 6379, Honorable Kelly G. Moore, Presiding

January 20, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Rick Alan Kainz appeals his conviction for the offense of sexual assault and resulting sentence of ten years' imprisonment and $10,000 fine.[1] Through three issues appellant argues the trial court abused its discretion by denying his motion for

---

[1] TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West 2011). The offense as charged is a felony of the second degree, *Id.* § 22.011(f), punishable by a term of confinement in prison for a term of not more than twenty years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2011).

continuance, his trial counsel rendered ineffective assistance, and the evidence was insufficient to support his conviction. We will affirm the judgment of the trial court.

Background

The complainant is appellant's stepdaughter. She was twenty-four at the time of trial in 2013. She has a brother, M.C., who is four or five years younger.

The complainant testified that when she was a high school freshman, appellant began sleeping in her bed with her about twice a week. She thought he slept in her bed after fights with her mother. "So he needed some where (sic) else to sleep." By the time the complainant moved from the family home in 2012, appellant was sleeping with her in her bed about five times a week. She testified appellant occasionally placed his arm around her waist in bed, which made her uncomfortable.

The sleeping arrangements continued after the complainant graduated from high school in 2008. On one occasion, she recalled, appellant French kissed her, and on another occasion, inserted his fingers into her vagina, both without her consent. On two other occasions she discovered "bruises" on her neck, and she said appellant sometimes masturbated as he lay beside her.

The complainant was unable to pinpoint the date of appellant's digital penetration, saying only it happened between her high school graduation in May 2008 and her move to another address in 2012. She said appellant made her take "allergy pills," leaving her groggy. On the occasion of the digital penetration, she said, she took the allergy medication before going to bed and was too groggy to remain awake after

2

realizing what happened. She told no one at the time because she was taught "what happens in the family stays in the family."

The complainant decided to reveal appellant's conduct after a family friend told her appellant sexually assaulted M.C., who is a person with learning disabilities.

The State's evidence also included a written statement appellant gave a Department of Public Safety examiner. In the brief narrative appellant stated:

> I fell asleep on [the complainant's] bed in 2010. I must have been dreaming because when [the complainant] yelled my name I woke up. I went into the other room and smoked. I dreamed I was making out with my wife and stuck my finger in her vagina. Im (sic) truely (sic) sorry about doing this to my daughter, by putting my finger in her vagina.

Appellant did not testify, but the evidence of his relationship with the complainant included her description it was "very close." After she graduated from high school, she acquired a tattoo that included the wording "Daddy's girl."

After his conviction, appellant did not file a motion for new trial but timely pursued this appeal.

Analysis

In his first issue, appellant complains the trial court abused its discretion by denying his motion for continuance. As a result, he argues, he was unable to cross-examine the State's expert witness, the complainant's counselor Cecelia Kern, and was unable to obtain a rebuttal expert.

The complainant began therapy with Kern in August 2012. In November 2012, counsel for appellant filed a discovery motion. Among other things, the motion sought

3

"all reports . . . of experts and the name and address of each such person who made such report . . . including but not limited to reports pertaining to any evidence to be introduced by the State." The trial court granted appellant's motion. Before trial, the State filed an amended witness list that included Kern. She was not designated an expert.

On the Monday morning of trial, counsel for appellant filed a motion for continuance. According to counsel, he initially learned of the State's intention to present Kern as an expert witness late in the day the preceding Friday when he received her curriculum vitae. Apart from her curriculum vitae, he claimed not to have received any reports or information related to Kern as an expert. In the opinion of counsel, he was unable to adequately prepare to cross-examine Kern unless trial was delayed. In response, the State pointed out that appellant did not request a witness list or designation of experts. Nevertheless, the State voluntarily filed a witness list that included Kern. Concerning the witness list, appellant's counsel explained he "assumed [Kern] was some fact witness that [he] didn't know about." The court denied the motion from the bench and memorialized its rendition in a written order.

Through her testimony, Kern offered opinions explaining why, among other things, the complainant remained in the home after being penetrated, why she continued taking the allergy medication, and why she was unable to narrow down the date of penetration. Appellant's counsel asked no questions of Kern.

An appellate court reviews a trial court's ruling on a motion for continuance for abuse of discretion. *Gallo v. State,* 239 S.W.3d 757, 764 (Tex. Crim. App. 2007);

4

*Janecka v. State,* 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (per curiam). To demonstrate the trial court reversibly erred by denying a motion for continuance an appellant must show the trial court committed an abuse of discretion resulting in actual harm. *Gonzales v. State,* 304 S.W.3d 838, 843 (Tex. Crim. App. 2010); *Janecka,* 937 S.W.2d at 468; *see also Rogers v. State,* No. 14-12-00546-CR, 2013 Tex. App. LEXIS 5451, at *9 (Tex. App.—Houston [14th Dist.] May 2, 2013, no pet.) (mem. op., not designated for publication). A trial court abuses its discretion in denying a motion for continuance when "the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Gonzales,* 304 S.W.3d at 843 (quoting George E. Dix & Robert O. Dawson, 42 Tex. Prac. Series: Criminal Practice and Procedure § 28.56 (2d ed. 2001)).

Harm requires proof of actual, rather than theoretical, prejudice. *Janecka,* 937 S.W.2d at 468; *Heiselbetz v. State,* 906 S.W.2d 500, 511-12 (Tex. Crim. App. 1995). How the defendant "was harmed by the absence of more preparation time" must appear in the record "with considerable specificity." *Gonzales,* 304 S.W.3d at 842 (quoting Dix & Dawson, at § 28.56). "This showing can ordinarily be made only at a hearing on a motion for new trial, because almost always only at that time will the defendant be able to produce evidence as to what additional information, evidence or witnesses the defense would have had available if the motion for delay had been granted." *Gonzales,* 304 S.W.3d at 842-43 (quoting Dix & Dawson, at § 28.56).

Here a motion for new trial was not filed. Thus we have no record establishing actual harm to appellant because the trial court denied the requested continuance.

Accordingly, we are unable to say that the trial court abused its discretion by denying appellant's pretrial motion for continuance. But even had we so found, nothing in the record establishes any resulting harm. Appellant's first issue is overruled.

By his second issue, appellant asserts his trial counsel rendered ineffective assistance.

The seminal case of *Strickland v. Washington* directs our analysis of an ineffective assistance of counsel claim. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see Strickland,* 466 U.S. at 689 (noting there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the record. *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). Through the hearing on a motion for new trial, a defendant may develop a record satisfying his burden of proof on the two *Strickland* prongs. *Guidry v. State,* 2003 Tex. App. LEXIS 1481, at *4 (Tex. App.—Corpus Christi Feb. 13, 2003, no pet.) (citing *Jackson v. State,* 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994); *Bohnet v. State,* 938 S.W.2d 532, 536 (Tex. App.—Austin 1997, pet. refused)). In most instances, a silent record is insufficient to overcome the presumption. *Strickland,* 466 U.S. at 688; *Stafford v. State,* 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). Absent evidence of counsel's reasons for the challenged conduct, we will not conclude the challenged conduct constituted deficient

performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The Court in *Strickland* established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires an appellant to demonstrate counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the appellant. 466 U.S. at 687; *see Hernandez v. State,* 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986) (applying *Strickland* standards under Texas Constitution).

The first prong of the *Strickland* test requires an appellant to prove that counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Appellant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. *Id.* at 689-90.

Under the second prong, an appellant must show that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. The standard for judging prejudice requires an appellant "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

As for the claimed deficiencies of trial counsel, appellant points out counsel did not request an expert witness list; did not cross-examine Kern or offer evidence rebutting her testimony; did not investigate Kern after receiving the State's witness list;

7

did not object "when the State qualified Kern as an expert"; and did not object to Kern's testimony on the ground that her presentation as an expert violated the discovery order. Trial counsel requested an expert report but did not seek a listing of experts from the State. As noted, the State gratuitously provided a witness list. Its list did not, however, designate witnesses as fact or expert witnesses. Having reviewed the record, including the record of the hearing on the motion for continuance, we disagree with appellant's assertion the record here is sufficient to demonstrate counsel's representation fell below an objective standard of reasonableness. Without hearing more regarding such questions as why trial counsel chose to rely on his motion for discovery and the State's witness list rather than independent investigation of Kern, and why he did not pursue cross-examination of Kern, we are not able to say the complained-of acts of counsel, alone or collectively, were so egregious that appellant did not receive the "counsel" guaranteed by the Sixth Amendment. *See generally Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (stating "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it" (citations and quotation marks omitted)).

Even assuming the record sufficiently demonstrates trial counsel's failure to challenge Kern's qualifications and the reliability and relevance of her opinions and to cross-examine her rendered the representation deficient, the record must also satisfy the prejudice prong of *Strickland*.

8

As with the performance prong, "the question of prejudice turns on the facts that the record shows." *Mitchell v. State,* 68 S.W.3d 640, 643 (Tex. Crim. App. 2002). Appellant has not demonstrated that a different treatment of counselor Kern's testimony by trial counsel would have overcome the complainant's testimony he penetrated her vagina, and appellant's admission he did so, so as to lead to a different trial outcome. Appellant's second issue is overruled.

Through his third issue, appellant asserts insufficient evidence supports the jury's verdict of conviction. Appellant predicates this argument on four factors: the complainant "might" have reported falsely because appellant disapproved of her boyfriend; she "might" have falsely reported because she believed appellant molested M.C.; she gave conflicting testimony of molestation and the circumstances surrounding her claim were "questionable"; and appellant's trial counsel did not rebut Kern's testimony.

An appellate court evaluates the sufficiency of evidence presented in proof of a criminal conviction under the standard set out by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1970); *see also Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, we defer to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 894, 899, 916. Considering all the evidence in the light most favorable to the verdict, we determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 899.

Relevant here, a person commits the offense of sexual assault of an adult when he intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent. TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West 2011).

Reiterated, the complainant testified that while she slept appellant knelt beside her bed and digitally penetrated her sex organ without her consent. This act was corroborated by appellant's written statement. The jury was free to infer appellant's intent or knowledge from any facts in evidence tending to establish the requisite culpable mental state. *Bejar v. State,* 14-12-00888-CR, 2013 Tex. App. LEXIS 13521, at *6-7 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.) (mem. op., not designated for publication) (citing *Adams v. State,* 222 S.W.3d 37, 49 (Tex. App.—Austin 2005, pet. refused). As for any doubt cast by the facts composing appellant's factors one through three, the jury was the exclusive judge of witness credibility and the weight assigned their testimony and was free to choose to believe all, some or none of the evidence presented. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Factors one through three are reasons why the jury might have disbelieved the complainant's testimony, but none of the factors required the jury to disbelieve her testimony. *Zambara v. State,* No. 07-12-00125-CR, 2014 Tex. App. Lexis 2059, at *10 (Tex. App.—Amarillo Feb. 24. 2014, no pet.) (mem. op., not designated for publication). As for appellant's fourth reason, the fact his trial counsel did not cross-examine Kern does not diminish the weight of the evidence supporting the jury's verdict.

Viewing all of the evidence in the light most favorable to the verdict, as we must, we hold that a rational trier of fact could have determined beyond a reasonable doubt

10

that appellant intentionally or knowingly caused the penetration of the complainant's sex organ without her consent. Appellant's third issue is overruled.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.