TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00014-CR


NO. 03-02-00015-CR






Gonate Washington, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NOS. 995376 & 995377, HONORABLE JON N. WISSER, JUDGE PRESIDING







 In each cause, a jury found appellant Gonate Washington guilty of the aggravated
sexual assault of a child and assessed punishment at imprisonment for fifty years. See Tex. Pen.
Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2003). Appellant contends the district court erred by
admitting hearsay testimony offered by the State and by excluding certain evidence offered by the
defense. He also complains that he received ineffective assistance of counsel. We overrule these
contentions and affirm the judgments of conviction.


BACKGROUND


 The indictments accused appellant of sexually assaulting two brothers, D.N. and K.N.,
in December 1998 when the boys were eight and nine years old, respectively. (1) In February 1999, the
boys were placed in a children's shelter by Child Protective Services following the termination of
the mother's parental rights for events unrelated to these causes. In May 1999, they were placed with
a foster parent, Craig Bell, where they remained until August. In early August 1999, while the boys
were living with Bell, they made an outcry of abuse against appellant which Bell reported to the
police.

 At trial, the brothers testified by closed-circuit television. D.N. testified that when
he lived with his mother, appellant would "put his penis in my butt." Using an anatomically correct
doll to describe the assault, D.N. testified that he was alone in his bed when appellant entered the
room. In response to the prosecutor's question as to what he remembered next, however, D.N.
testified that he did not remember anything. He then began to cry. Again in response to questioning,
he expressed his fear that appellant would "com[e] in here and kill[] me." D.N. then testified that
he made up the story of abuse "because I wanted to watch TV." At the conclusion of his testimony,
he expressed concern that his brother, who was handicapped with spina bifida and related medical
problems, should have to testify.

 K.N. testified similarly that appellant "put his penis in my butt." He recalled how
appellant approached him in the living room of his mother's house and "scooted up" on him,
"pull[ing] down his pants and put[ting] his penis in my butt." K.N. told appellant to stop, but
appellant continued. During cross-examination, K.N. began to cry, then testified that he and his
brother fabricated their stories because appellant would not let them watch television. On redirect
questioning by the State, the following testimony occurred:


Q: [K.], do you sometimes say that it didn't happen -- happen because you are tired
of talking about it?


A: Yes, ma'am.


Q: And just a few minutes ago when you were talking about the stuff that happened
in the living room on the mattress, was that the truth?


A: Yes, ma'am.



 The State's next witness was Garin Danner, a licensed professional counselor who
was employed by a foster home agency. Beginning in June 1999, Danner had weekly counseling
sessions with the complainants dealing with issues related to their removal from their mother's
custody and their placement in the foster care system. On July 28, 1999, Danner observed what he
believed to be unusual sexual behavior by D.N. He asked D.N. to write about the incident for their
next session on August 4. D.N. instead drew a picture of stick figures, depicting the figures having
anal sex. Danner testified that "it had been reported [to him] that, as a result of that picture, they [the
complainants] had made an outcry of abuse." D.N. refused to discuss the picture with Danner until
a subsequent session in October. At the October session, D.N. told Danner that appellant had "done
sex to him," and related how appellant would "lie on top of me and do sex to me" and "touch me
with his thing." Appellant objected to this testimony as hearsay. The State informed the court that
it was offering the statements pursuant to the hearsay exception for statements made for purposes
of medical diagnosis or treatment, citing an opinion from this Court. See Fleming v. State, 819
S.W.2d 237, 247 (Tex. App.--Austin 1991, pet. ref'd); Tex. R. Evid. 803(4). Appellant's objection
was overruled.

 Austin pediatrician Beth Nauert testified that she examined K.N. and D.N. on August
25, 1999, for evidence of possible sexual abuse. Nauert explained that such examinations include
both an interview with the child and a physical evaluation. Nauert testified that K.N. told her during
his interview that appellant "put his private in my behind" when he was seven years old. Nauert said
that D.N. told her that appellant tried "to have sex with me" and "put his privacy by my behind." 
Nauert added that the physical evaluations of the boys were inconclusive with regard to the reported
sexual abuse. Appellant did not object to any portion of Nauert's testimony.

 Another State witness was Robert Ricketts, a licensed professional counselor who
began seeing the complainants in January 2000. Ricketts said that he was working with the boys
regarding "adjustment issues to the [new foster] home, anger management, dealing with their
behavior at home and in the classroom." He became aware of the sexual abuse allegations in July
2000, when the boys were visited by investigators preparing for trial. Ricketts testified that in
subsequent conversations, D.N. told him that he had not been abused and that he had "made up" the
allegations against appellant. K.N., however, told Ricketts that appellant had put "his penis in my
butt" on several occasions. Appellant voiced no hearsay objection to Ricketts's testimony.

 Fran Duane, a social worker for the foster home agency, testified that she began
working with the complainants in December 2000. She was asked if, in November 2001, she
discussed the impending trial with D.N. Appellant objected that the question called for hearsay, and
the objection was sustained. After adducing from the witness that she was "concerned about
behavioral issues that could come up when [the boy] learned that the case was not over," the
prosecutor again asked about the November 2001 conversation. Without further objection, Duane
testified that D.N. "recounted a history of abuse" by appellant, telling her that appellant "had put his
penis in [D.N.'s] butt." Duane also testified without objection that K.N. "described several instances
of rape" by appellant.

 We will discuss the testimony of two other State witnesses during our consideration
of appellant's third point of error.


DISCUSSION


Hearsay

 In his first point of error, appellant contends that Danner's testimony recounting
D.N.'s statements that appellant would lie on top of him and "do sex" to him was inadmissible
hearsay. Having objected to Danner's hearsay testimony, however, appellant thereafter failed to
object when Ricketts, Duane, and Nauert testified to substantially identical hearsay statements by
D.N. and K.N. By failing to object to the testimony of these other witnesses, appellant forfeited his
objection to Danner's testimony. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991) (as general rule, party must object each time inadmissible evidence is offered; error in
admission of evidence waived when same evidence comes in elsewhere without objection); Scaggs
v. State, 18 S.W.3d 277, 291-93 (Tex. App.--Austin 2000, pet. ref'd) (same). We overrule point
of error one. (2)

Exclusion of Evidence

 Appellant next challenges the trial court's exclusion of evidence regarding the
brothers' foster parent, Craig Bell, with whom the boys lived for three months after they left the
children's shelter. Because Bell reported the complainants' outcry of abuse to the police, appellant
contends that he should have been allowed to offer evidence that Bell later committed suicide after
being accused of possessing child pornography.

 The district court granted the State's motion in limine asking that the defense
approach the bench before offering evidence regarding these matters. In granting the State's motion,
the court said: "But other than that, the defense is at liberty to explore with the children their
relationship with Mr. Bell and the conduct that he engaged in with them." 

 A ruling granting a motion in limine does not preserve error on appeal. Wilkerson
v. State, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994). It is the exclusion of the evidence at the time
it is offered at trial that forms the basis of a complaint on appeal, and not the granting of the motion
in limine. If a party fails to offer the evidence, error is not preserved and the complaint is waived. 
Taylor v. State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

 Because appellant did not offer evidence of Bell's suicide or the pending charges, he
has not preserved error on appeal. Moreover, appellant was permitted to explore the relevant inquiry
as to whether Bell--and not appellant--was the perpetrator of the abuse. We overrule appellant's
second point of error.


Ineffective Assistance of Counsel

 In his third point of error, appellant complains that he was denied his constitutional
right to effective assistance of trial counsel. To prevail on this claim, appellant must show by a
preponderance of the evidence that counsel made such serious errors that he was not functioning
effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he
was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State,
988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim.
App. 1985). In determining whether appellant has satisfied the first element of the test, we decide
whether the record establishes that counsel failed to provide reasonably effective assistance. 
Strickland, 466 U.S. at 687-88; Hernandez, 726 S.W.2d at 55; Wilkerson v. State, 726 S.W.2d 542,
548 (Tex. Crim. App. 1986). Appellant must demonstrate that counsel's performance was
unreasonable under the prevailing professional norms and that the challenged action was not sound
trial strategy. Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991). We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective
at trial. Strickland, 466 U.S. at 689; Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993);
Stafford, 813 S.W.2d at 506. We assess the totality of the representation, rather than isolated acts
or omissions. Wilkerson, 726 S.W.2d at 548.

 The record does not reveal counsel's trial strategy with regard to the acts or omissions
of which appellant complains. In the absence of such a record, appellant cannot in this direct appeal
overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's
perspective at trial. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Oestrick
v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet. ref'd); Bohnet v. State, 938 S.W.2d
532, 536 (Tex. App.--Austin 1997, pet. ref'd) (citing Strickland, 466 U.S. at 689). However, we
will briefly address appellant's specific complaints regarding trial counsel's performance.

 Appellant first urges that trial counsel failed to properly object to the testimony of 
Carly Moore and Marcia Wilson, both employees of the Child Advocacy Center. Moore testified
that K.N. told her that appellant's hand touched K.N.'s "private" and that he remembered the sound
of a train going by when this happened. Wilson testified that D.N. told her that he struggled when
appellant assaulted him and that appellant had "pushed it hard and humped him." Contrary to
appellant's argument, trial counsel did object to this testimony. The objections were overruled and
the testimony admitted pursuant to rule 613(a). Tex. R. Evid. 613(a) (prior inconsistent statements
of witness). (3) The jury was instructed to not consider this testimony as substantive evidence, but only
as it reflected on the complainant's credibility.

 Next, appellant complains that trial counsel failed to object, or failed to adequately
object, to the hearsay testimony by Danner, Ricketts, Duane, and Nauert previously summarized. 
As regards Danner's testimony, counsel objected that it was hearsay. This was sufficient to shift the
burden to the State to show that an exception to the hearsay rule applied and to preserve the issue
for appeal. See Cofield v. State, 891 S.W.2d 952, 955 (Tex. Crim. App. 1994); Langston v. State,
827 S.W.2d 907, 910 (Tex. Crim. App. 1992). It is true, however, that counsel thereafter failed to
object when substantially similar hearsay testimony was adduced from Ricketts, Duane, and Nauert,
thereby waiving the earlier objection. The court of criminal appeals recently held in a similar case
that, when the record is silent as to why counsel failed to persist in his objections, it must be
presumed that this was a reasonable decision. Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim.
App. 1999).

 Appellant also argues that trial counsel should have objected on hearsay grounds to
Danner's testimony regarding D.N.'s stick-figure drawing. Assuming that this testimony was
hearsay, it must be presumed that the failure to object was reasonable. Id.

 Appellant further urges that counsel should have objected to the admission of the
complainant's statements to Danner, Ricketts, Duane, and Nauert on the ground that they were not
admissible as prior consistent statements. Tex. R. Evid. 801(e)(1)(B). The statements were not
offered on that theory, however, but as statements made for the purpose of medical diagnosis or
treatment. Counsel cannot be faulted for failing to challenge the applicability of a rule on which the
State did not rely.

 Appellant's next complaint concerns the ruling on the State's motion in limine
discussed in point of error two. Appellant urges that his counsel failed to make an offer of proof
concerning the facts they sought to prove. Our examination of the record refutes this assertion, and
our overruling of point of error two is not based on any inadequacy in that regard.

 Finally, appellant argues that his trial counsel was ineffective for failing to follow up
on testimony suggesting someone other than appellant committed the alleged abuse. Both boys
denied that anyone other than appellant sexually abused them. Both complainants recanted certain
portions of their testimony, and their credibility was an issue that counsel aggressively explored.

 Trial strategy may constitute ineffective assistance only if the record demonstrates
that counsel's acts or omissions were without any plausible basis. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999); McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992). 
A conscious and informed decision on trial strategy cannot be the basis for a constitutional
ineffective assistance claim unless it is so ill-chosen that it permeates the trial with obvious
unfairness. Ineffective assistance claims regarding issues of trial strategy are particularly difficult
to sustain on direct appeal when defense counsel were otherwise competent and aggressive, as here.

 The bare trial record here does not reveal ineffectiveness of counsel sufficient to
sustain such a claim. After reviewing the trial record, we hold that appellant has failed to establish
that his counsel's performance was deficient. There is nothing in the record to overcome the strong
presumption that counsel's actions fell within the wide range of reasonable professional assistance. 
We overrule appellant's third point of error.


CONCLUSION


 Having overruled appellant's three points of error, we affirm the judgments of the trial
court in these companion cases.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: December 19, 2002

Do Not Publish

1. In the reporter's record, the older brother's first name is spelled with a "C." In the indictment
and charge, however, it is spelled with a "K." We will employ the latter spelling.
2. The boys' statements to Danner, Ricketts, Duane, and Nauert were offered and admitted
pursuant to the hearsay exception for statements made for the purpose of medical diagnosis or
treatment. Tex. R. Evid. 803(4). In urging the application of this rule, the State relied on our
opinion in Fleming v. State, 819 S.W.2d 237, 247 (Tex. App.--1991, pet. ref'd). In Fleming, this
Court held that a child's statements to a doctor or other health care professional can be admissible
under the medical diagnosis or treatment exception. Id. While we express no opinion on the
application of rule 803(4) in the instant causes, we caution that Fleming did not broaden the medical
diagnosis or treatment exception to encompass every statement made by a child victim of sexual
abuse to a therapist, and that the opinion does not support the blanket conclusion that statements
made to a therapist regarding specific offenses are admissible as having been made for the purposes
of treatment. As we discussed in Fleming, a child may not understand the need to be truthful with
a physician or other health care provider, and therefore the assumption underlying the medical
diagnosis or treatment exception may not apply when the out-of-court declarant is a child. Id. We
were careful to note in Fleming that the record supported the conclusion that the child had
understood the importance of being truthful in her statements. Id. See also Jones v. State
, No. 03-02-00022-CR, slip op. at 5-6, 2002 Tex. App. LEXIS 8545, at *10-11 (Tex. App.--Austin Dec. 5,
2002, no pet. h.) (child's statements to licensed professional counselor during ten-month course of
counseling sessions were not made for purpose of obtaining diagnosis or treatment; statements
erroneously admitted under rule 803(4)); Moore v. State, 82 S.W.3d 399, 405 (Tex. App.--Austin
2002, pet. ref'd) (clinical social worker/psychotherapist not shown to be member of medical
profession; child's statements to witness erroneously admitted under rule 803(4)).
3. Appellant argues that the complainants admitted making these statements and therefore
extrinsic evidence of the statements should not have been admitted. See McGary v. State, 750
S.W.2d 782, 786 (Tex. Crim. App. 1988); Tex. R. Evid. 613(a). He does not bring this contention
forward as a point of error, however.